[No. 20393.   Department One.   March 31, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID
SCOTT, *Appellant*.[1]

[1] CRIMINAL LAW (387)—APPEAL—NECESSITY OF OBJECTIONS—
RULINGS ON EVIDENCE. Error cannot be assigned on the receipt
of improper evidence to which no objection was made.

[2] SAME (448)—APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.
Error cannot be assigned on the admission of evidence of an
officer's "reasons" for investigating a matter, where it could not
possibly have resulted in prejudice.

Appeal from a judgment of the superior court for
King county, Findley, J., entered June 12, 1926, upon
a trial and conviction of being a jointist.   Affirmed.

*John F. Dore*, for appellant.

*Ewing D. Colvin* and *R. M. Burgunder*, for respondent.

FULLERTON, J.—The appellant, Scott, was convicted
on a trial by jury of opening up, conducting and maintaining a place for the unlawful sale of intoxicating
liquor.   The appeal is from the judgment pronounced
upon the verdict.

The evidence on the part of the state tended to show
that the place of business of the appellant was openly
conducted as a grocery store and service station, at
which he surreptitiously sold intoxicating liquors,
capable of use as a beverage, in pint bottles.   During
the course of the trial, an officer of the federal prohibition department was called as a witness on the part
of the state, whereupon the following occurred:

"Q. Now calling your attention to around the first
day of January of this year, at that time did you know
the reputation of the Overland Park Grocery and Ser-

[1]Reported in 254 Pac. 851.

vice Station as being a place maintained for the sale of intoxicating liquor? A. Yes. Q. What was its reputation? . Good or bad? A. Bad. Q. This place we have mentioned is situated where? A. It is about five miles from the city limits on the North Trunk road. That is the brick highway that leads from the city limits out to Edmonds and Richmond Beach. Q. When did you, either in person or by your agents, first commence investigation of any liquor activities out at that place? A. It was around September or October, 1925. Q. What was the reason? MR. DORE: Objected to as incompetent, irrelevant and immaterial. THE COURT: Objection overruled. A. I was in receipt of numerous complaints from residents in the vicinity and relatives of people that claimed that their relatives and people in that vicinity were buying liquor there, and the place was causing a great deal of disturbance in the neighborhood.''

It is assigned that the court erred in permitting the witness to testify as to the reputation of the place, and in permitting the witness to state the reason which induced him to cause an investigation to be made into the activities of the place.

[1] As to the first assignment, it is sufficient to say that the appellant has not properly brought the question he seeks to raise into the record. In criminal, as well as in civil cases, an objection of this sort must be raised in the court below before it is reviewable on appeal. In this instance, the appellant neither objected to the question which elicited the testimony thought objectionable, nor did he move to strike the answer after it was returned by the witness, but urges the objection for the first time on the appeal. Conceding, therefore, that the testimony was objectionable, a question we do not determine, the objection to it comes too late to be available.

[2] The second objection is likewise without avail to the appellant. The reason why the officer testifying

began an investigation into the "liquor activities" at the appellant's place of business may not have been very material, but it is impossible to see how the reason given could have affected the verdict of the jury one way or the other. The admission of immaterial testimony constitutes reversible error only when it is prejudicial; (*Crane v. Dexter Horton & Co.*, 5 Wash. 479, 32 Pac. 223; *State v. Nelson*, 39 Wash. 221, 81 Pac. 721; *State v. Case*, 88 Wash. 664, 153 Pac. 1070) and we cannot hold the testimony here thought objectionable to be prejudicial.

The judgment is affirmed.

MACKINTOSH, C. J., MITCHELL, MAIN, and FRENCH, JJ., concur.