550 So.2d 46 (1989)
Fidel CABRAL, Appellant,
v.
The STATE of Florida, Appellee.
District Court of Appeal of Florida, Third District.
August 22, 1989.
Rehearing Denied November 9, 1989.
*47 Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and GERSTEN, JJ.
PER CURIAM.
The conviction in this case must be reversed because of prejudicial remarks elicited by the prosecutor from a State witness.
First, the only evidence in the record as proof that the substance seized was illegal narcotics was the detective's statement that "by looking at them, they look like cocaine rocks." No scientific proof was presented to substantiate that non-expert opinion, nor was the substance introduced into evidence.
Second, on direct examination, the arresting officer told the jury that the area where the defendant was arrested was "well known for illegal narcotics use" and that the police had "received complaints" that drugs were being sold in the defendant's apartment complex. The fact that the officer knew the arrest scene as a reputed narcotics area did not prove anything in issue and served only to unduly prejudice the jury. Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 (Fla. 1978). On the skimpy proof presented by the State, a harmless error analysis cannot save the conviction. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986) (harmless error places burden on the State, as beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict).
Reversed and remanded for a new trial.