559 So.2d 729 (1990)
William JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0324.
District Court of Appeal of Florida, Fourth District.
April 18, 1990.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
William Johnson appeals his conviction of tampering with evidence. Specifically, Johnson was alleged to have crumbled a cocaine rock in his fist and to have disposed of the powdery residue in a puddle of water. At trial the two arresting officers testified at length about their experience in narcotics arrests and the reputation of the location where the arrest was made as a high crime area. Illustrative is the following description from the testimony of one of the officers: "it is a predominantly black neighborhood, but very well known for high school narcotics, prostitution to robberies and burglaries."
This type of guilt by association trial tactic has been universally condemned as constituting reversible error. Black v. State, 545 So.2d 498 (Fla. 4th DCA 1989); Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 (Fla. 1978); Buckann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978). See also Lockett v. State, 527 So.2d 959 (Fla. 4th DCA 1988).
We so hold and reverse for a new trial.
As we did in Gillion v. State, 547 So.2d 719 (Fla. 4th DCA 1989), we certify the following question as one of great public importance:
DOES THE MERE IDENTIFICATION OF A LOCATION AS A HIGH CRIME AREA UNDULY PREJUDICE A DEFENDANT WHO IS ARRESTED THERE?
REVERSED AND REMANDED.
HERSEY, C.J., and DELL, J., concur.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I concur separately to note that a portion of the testimony in question was properly *730 admitted to assist the jury in interpreting the evidence. However, some of the officers' testimony, including the statement quoted, was clearly irrelevant and possibly prejudicial. In another case, such testimony might well be harmless error. But the error is not harmless here because there was disputed testimony on the key issue of what the defendant said and did which evidenced tampering.
The offending testimony alone does not require reversal per se. See Gillion v. State. It seems to me that in Black v. State and the other cited cases, in which similar language has been deemed reversible error, there was a much more direct implication of guilt by association than in this case. Nevertheless, applying the standard in State v. Diguilio, 491 So.2d 1129 (Fla. 1986), the error here was not harmless.