561 So.2d 1264 (1990)
Lee Marvin ROBINSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2794.
District Court of Appeal of Florida, Third District.
May 22, 1990.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Defendant Robinson appeals his conviction for possession of cocaine with intent to sell. We affirm.
Defendant is correct in asserting that the trial court should have sustained the objections to the arresting officers' description of the arrest area as a "high drug area" and "well-known area for the sale of narcotics" as well as their description of the lighting as "crime lights." Cabral v. State, 550 So.2d 46 (Fla. 3d DCA 1989). Reversal is not required, however, because the trial court later gave a curative instruction which we conclude was sufficient. Because an impermissible statement about a defendant's prior incarceration is subject to being corrected by a curative instruction, see Ferguson v. State, 417 So.2d 639, 642 (Fla. 1982); Williams v. State, 354 So.2d 112 (Fla. 3d DCA 1978), a fortiori a reference to the defendant's presence in a "high *1265 crime" area is subject to a correction through a curative instruction. See Huffman v. State, 500 So.2d 349, 350 (Fla. 4th DCA 1987). Even if that were not so, we conclude that any error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
No reversible error has been shown with respect to the admission into evidence of the cocaine rock. The defendant's contention is that based on the repackaging of the contraband after analysis by police chemists, there was a "possibility" of tampering. There was an explanation by the chemist, however, as to when, by whom, and for what purpose the package was opened, which excluded any likelihood that the contents were altered. Because there was no indication whatever of "probable" tampering  the test adopted by this court  the trial court committed no error in overruling the defendant's objection. Bernard v. State, 275 So.2d 34 (Fla. 3d DCA 1973); compare Dodd v. State, 537 So.2d 626 (Fla. 3d DCA 1988) (conflicting descriptions of the contraband's packaging, and gross discrepancies in weight of cocaine seized and that offered as evidence, sufficient indicators of probable tampering).
Affirmed.