561 So.2d 1339 (1990)
Robert WILKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03598.
District Court of Appeal of Florida, Second District.
June 1, 1990.
*1340 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Robert Wilkins, who was convicted of and sentenced for the possession of cocaine with intent to sell, the possession of cannabis, and the possession of a concealed weapon, has appealed on three grounds, one of which has merit and requires us to reverse and remand for a new trial.
Over Wilkins' objection, the trial court allowed the officer who initially stopped him to characterize the vicinity of the arrest as a "high crime area known for narcotics." The officer further stated:
This is a location here in Bartow where crack cocaine and marijuana is sold to cars that pass by. It's the type of place, it's a drive-up. A person drives up in a vehicle, drugs are sold to the person in the vehicle and they then leave. It's just a line of cars that go through there.
These inflammatory remarks should not have been admitted. In Cabral v. State, 550 So.2d 46, 47 (Fla. 3d DCA 1989), the court observed that "[t]he fact that the officer knew the arrest scene as a reputed narcotics area did not prove anything in issue and served only to unduly prejudice the jury." Although it was noted in Johnson v. State, 559 So.2d 729 (Fla. 4th DCA 1990), that "[t]his type of guilt by association has been universally condemned as constituting reversible error," we do not imply that testimony of this type is per se inadmissible. In a recent fourth district opinion the court affirmed a conviction even though a police officer testified that he observed cocaine transactions and known narcotics dealers in the area. The fourth district stated that:
To merely say that while driving through an area a police officer observed several narcotics transactions taking place and several street narcotics dealers does not appear to us to either finger the defendant as one of the dealers, or necessarily impugn the character of the neighborhood.
Gillion v. State, 547 So.2d 719, 720 (Fla. 4th DCA 1989).
In this case, however, Wilkins was observed in a car in a location perceived as a "drive-up" for cocaine sales. Not only does this testimony "impugn the character of the neighborhood," it also creates an indelible impression that Wilkins was there for no other purpose than to deal in drugs.
From our review of the record we conclude that the admission of these statements was prejudicial to Wilkins and constituted harmful error. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we reverse the judgment under review and remand for a new trial on all issues.
SCHOONOVER, A.C.J., and LEHAN, J., concur.