[No. 25475-8-I. Division One. April 8, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. RAMON PEREZ–ARELLANO, *Appellant.*

*Dennis Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Arthur Chapman, Deputy,* for respondent.

AGID, J.—Ramon Perez–Arellano appeals a judgment and sentence for delivering heroin in violation of RCW 69.50-.401(a). He contends that evidentiary error and prosecutorial misconduct deprived him of a fair trial. We affirm.

During the afternoon of August 30, 1989, three Seattle police officers used telescopic equipment to watch activities in Victor Steinbrueck Park in the Pike Place Market area. The officers were on the 10th floor of a nearby building. Two of these officers observed a transaction which they recognized as a probable narcotics sale. They contacted plainclothes officers in the park and, with their assistance, apprehended and arrested both the suspected purchaser and seller.

Perez–Arellano was charged with one count of unlawful delivery of a controlled substance. Before trial, he moved to exclude any testimony describing Steinbrueck Park as an area of high crime or high narcotics sales. Perez–Arellano argued that such testimony was irrelevant. The State responded that testimony about the character of the neighborhood was relevant because it explained why the officers had been observing Steinbrueck Park in the first place. The trial judge agreed with the State and ruled that "[t]he officer[s] may testify that they believe this to be a high crime area. That is the reason they are in that area." Three officers then testified that the park is "a high narcotic area".[1]

Perez–Arellano did not testify at his jury trial and presented no evidence in his own behalf. The jury entered a guilty verdict. This appeal followed.

I

Perez–Arellano first contends that the trial court erred in admitting the officers' testimony describing Steinbrueck Park as a high narcotics area. Relying on *Wilkins v. State,* 561 So. 2d 1339 (Fla. Dist. Ct. App. 1990), he argues that what little relevance the evidence had was outweighed by its prejudicial effect.

*Wilkins* is the latest in a line of Florida cases holding that testimony describing an arrest scene as a high crime or high narcotics area is improper "guilt by association" evidence. The Florida courts reason that an officer's knowledge that a particular place is a narcotics area does "not prove anything in issue and serve[s] only to unduly prejudice the jury'", *Wilkins,* 561 So. 2d at 1340 (quoting *Cabral v. State,* 550 So. 2d 46, 47 (Fla. Dist. Ct. App. 1989)); and

---

[1]Although Perez–Arellano did not object to this testimony, review of its admissibility is proper under *Sturgeon v. Celotex Corp.,* 52 Wn. App. 609, 620–23, 762 P.2d 1156 (1988) (no objection to trial testimony is necessary to preserve right to have ruling denying motion in limine reviewed, so long as ruling was final and definitive, and thus one on which parties could rely).

that such testimony impugns the character of the neighborhood and creates an "indelible impression that [defendant] was there for no other purpose than to deal in drugs." 561 So. 2d at 1340.

We decline to follow the Florida rule which, we note, has not been adopted elsewhere. Instead, we hold that the officers' testimony was relevant, not unduly prejudicial, and was properly admitted. While evidence about the character of a neighborhood does not prove or disprove a defendant's guilt,[2] it does explain to the jury the reason why police were observing a particular area. The average juror has little or no knowledge or understanding of police drug operations and may well wonder whether it is appropriate, or even legal, for police to hide in tall buildings, watch people, and then arrest them when they engage in illegal conduct. Testimony explaining why a particular area was chosen for observation is therefore relevant to explain the circumstances of an arrest.

*State v. Aaron*, 57 Wn. App. 277, 280–81, 787 P.2d 949 (1990), another case upon which Perez–Arellano relies, does not compel a different result. At issue in *Aaron* was an officer's testimony about why he searched a jacket found in the car in which defendant was riding when arrested. The officer found incriminating evidence in the jacket. He testified that he searched the jacket because a police dispatcher told him the defendant had been seen with the jacket near the scene of the crime. This court held that testimony about why the officer searched the jacket was inadmissible hearsay because it was admitted to prove the truth of the matter asserted. The evidence could not have been offered for another relevant purpose, the court opined, because the legality of the search and seizure was not being questioned. 57 Wn. App. at 280. From the evidence before it, the court

---

[2]On a related point, we have held that a person's presence in a high crime area does not, by itself, give rise to a reasonable suspicion to detain him or her. *State v. Ellwood*, 52 Wn. App. 70, 74, 757 P.2d 547 (1988); *accord, State v. Dudas*, 52 Wn. App. 832, 835, 764 P.2d 1012 (1988), *review denied*, 112 Wn.2d 1011 (1989).

found it clear that the State introduced the testimony "solely to suggest to the jury that the jacket containing [the incriminating evidence] belonged to [the defendant]." 57 Wn. App. at 280.

*Aaron* is distinguishable. Unlike *Aaron,* the evidence offered here was not hearsay. More importantly, the officers' neighborhood character evidence was relevant and helpful to the jury because, although the officers' park surveillance was not the subject of a legal challenge by defendant, its propriety was something about which the jury might well speculate. Finally, this case differs from Aaron in that, from the record before us, we do not discern that the prosecutor offered the evidence for an improper purpose.

A review of Washington law also convinces us that testimony about a particular neighborhood's crime pattern is not so unfairly prejudicial that it should be excluded. In *State v. Scott,* 143 Wash. 166, 254 P. 851 (1927), the court upheld admission of testimony that several complaints about illegal liquor sales at defendant's business prompted the investigation which led to defendant's arrest. Although the court found the testimony to be not very material, it also found no prejudice in its admission. 143 Wash. at 168. *State v. Weiss,* 73 Wn.2d 372, 438 P.2d 610 (1968), is in accord. The *Weiss* court rejected an argument that testimony about the dirty and unkempt condition of the house where defendant was arrested for possessing marijuana was unfairly prejudicial. The court reasoned that "[t]he evidence was properly admitted because the jury was entitled to know the condition of the premises at the scene of the alleged crime, and to give this evidence whatever weight it was entitled". 73 Wn.2d at 378. While in this case it would have been preferable to limit testimony on the characterization of Steinbrueck Park as a "high narcotic area" to one officer in order to minimize any potential prejudice, we cannot say that the testimony admitted in this case was unduly prejudicial. *See* ER 403.

## II

Perez–Arellano's second assignment of error concerns a remark made by the prosecutor during closing argument. In the context of explaining why the State did not call as a witness the man who allegedly purchased narcotics from Perez–Arellano, the prosecutor[3] said: "[I]f the defense was that interested in his testimony, I suggest that they could have called him as a witness." Defense counsel promptly objected, moved to strike and asked for a mistrial. The trial judge sustained the objection, but denied the request for a mistrial.

Perez–Arellano argues on appeal that the prosecutor's comment was improper. There is no dispute on this point.[4] The State concedes the remark's impropriety, and the trial court sustained Perez–Arellano's objection to it. Perez–Arellano also asserts that the remark deprived him of a fair trial. He makes little or no argument in support of this assertion, however.

■■ When improper argument is alleged, the defendant bears the burden of establishing that the remarks at issue had a prejudicial effect. *State v. Hughes*, 106 Wn.2d 176, 195, 721 P.2d 902 (1986). This burden is not met here. Perez–Arellano's only relevant claim of prejudice is that the State's argument planted in the jurors' minds the erroneous notion that he had a responsibility to come forward with evidence.[5] We are not persuaded by this conclusory, unsupported assertion. The jury was instructed that the defendant is presumed innocent, and that he had no burden of

---

[3]Different counsel represented both parties on appeal.

[4]A prosecutor can comment about an accused's failure to present evidence only when the defendant has alleged an exculpatory theory that could have been corroborated by an available witness. *State v. Contreras*, 57 Wn. App. 471, 476, 788 P.2d 1114, *review denied*, 115 Wn.2d 1014 (1990). These prerequisites are not present here.

[5]Perez–Arellano also argues that the prosecutor somehow implied that he would have called the alleged purchaser if it would have aided his case. This argument reads too much into the prosecutor's remarks and we do not consider it.

proof. We presume that the jury followed this instruction. *E.g., State v. Graham,* 59 Wn. App. 418, 427, 798 P.2d 314 (1990). Moreover, the trial court sustained Perez–Arellano's attorney's objection to the prosecutor's remark. The objection reiterated the rule that there is no burden on the defense. In this situation, without a more definite or detailed showing of prejudice, we are unwilling to hold that the prosecutor's singular improper comment deprived Perez–Arellano of a fair trial.

The judgment and sentence are affirmed.

FORREST and BAKER, JJ., concur.