843 So.2d 1010 (2003)
Garlin A. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1191.
District Court of Appeal of Florida, First District.
May 1, 2003.
Nancy A. Daniels, Public Defender; M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of his conviction, following a jury trial, for sale or delivery of cocaine. Because the trial court erroneously denied his motion for a mistrial made in response to comments by *1011 the prosecutor during closing argument improperly suggesting that appellant had the burden to present evidence refuting the state's identification testimony, we reverse and remand for a new trial.
The only person who offered testimony establishing that appellant was guilty of sale or delivery of cocaine was the undercover officer who claimed to have purchased cocaine from appellant. Appellant presented no evidence. During closing argument, the prosecutor said:
A reasonable doubt can come from the evidence, a conflict in the evidence and a lack of evidence. From that [sic] testimony from that witness stand there is no reasonable doubt that was put forward to you today from that witness stand that he didn't commit the crime. Nobody testified he wasn't the guy.

(Emphasis added.) Counsel for appellant immediately moved for a mistrial, arguing that the state had commented on appellant's failure to testify and had shifted the burden of proof. The trial court denied the motion. This was error.
In light of the evidence presented, the statement, "Nobody testified he wasn't the guy," can only be taken as intended to suggest, impermissibly, that appellant had some burden to present evidence refuting the state's identification testimony. See, e.g., Jackson v. State, 575 So.2d 181, 188 (Fla.1991) (noting that "the state cannot comment on a defendant's failure to produce evidence ... because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence"); Jackson v. State, 832 So.2d 773, 777-78 (Fla. 4th DCA 2002) (concluding that the prosecutor's question during closing argument implying that no evidence had been presented to counter an officer's identification testimony impermissibly shifted the burden of proof); Shelton v. State, 654 So.2d 1295, 1296-97 (Fla. 4th DCA 1995) (concluding that the prosecutor's question during closing argument asking whether there was "anything showing that [the defendant] didn't make that sale" impermissibly shifted the burden of proof). It is equally clear that the statement constituted an impermissible comment on appellant's failure to testify. See, e.g., Rodriguez v. State, 753 So.2d 29, 37 (Fla.2000) (concluding that a prosecutor's comment that "there was nothing in the direct or cross examination of any witness who testified that pointed to any other person being involved other than ... this defendant" constituted an impermissible comment on the defendant's failure to testify); State v. Marshall, 476 So.2d 150, 153 (Fla.1985) (noting that "[a]ny comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged"); Shelton, 654 So.2d at 1297. Having carefully reviewed the evidence presented at trial, we are unable to accept the state's argument that the error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Appellant also complains that the trial court improperly prohibited cross-examination of two police officers regarding prior reprimands. We conclude that the trial court's decision did not constitute an abuse of discretion.
Appellant's conviction is reversed, and the case is remanded for a new trial.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, C.J., WEBSTER and BROWNING, JJ., CONCUR.