921 So.2d 722 (2006)
Carl WATTS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-265.
District Court of Appeal of Florida, Fourth District.
February 15, 2006.
*723 Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Carl Watts appeals his convictions for possession of cocaine, possession of drug paraphernalia, battery on a law enforcement officer, and driving without a valid driver's license. He contends that the court erred in denying his motion for mistrial when the prosecutor made a comment on his silence during closing argument. We hold that the prosecutor made an impermissible comment on Watts' failure to testify, and it was not harmless beyond a reasonable doubt. We therefore reverse.
Officer Lisa Williams stopped Watts for failure to have a license tag on his vehicle. He did not have a driver's license, so she returned to her vehicle to verify Watts' identity. Unable to verify his identity, Williams returned to the vehicle and asked Watts to step out. As he did so, Williams testified that Watts dropped a small pipe, which Williams knew was a crack pipe. She then handcuffed him.
While placing Watts in her vehicle, he stepped back or lunged and knocked Williams off balance. A struggle ensued as Williams gained control of Watts and positioned him in the police car.
On cross-examination, Williams admitted that Watts was never belligerent, nor did he try to run when she returned to her car to verify his identity. Moreover, when Watts initially exited his vehicle, he did not push Williams or attempt to hit her.
Other than a chemist called to identify cocaine in the crack pipe, Williams was the sole witness for the prosecution, and Watts did not testify. Thus, the only evidence of what took place came from Williams, as no one else except Watts was present at the scene when the events occurred.[1]
During closing argument Watts' attorney attacked Williams' credibility, particularly with respect to the issue of battery on a law enforcement officer. Defense counsel attempted to convince the jury that Williams' version of events simply did not correlate with the assertion that Watts intended to strike her.
*724 When the prosecutor addressed the jury, she discussed the state's burden and the elements which had to be proven as to each offense. She said:
We have talked about reasonable doubt. The judge will give you an instruction and tell you, one of the things he is going to say to you: Reasonable doubt can arise from the evidence, lack of evidence or a conflict in the evidence. Those are the only things that reasonable doubt is going towards; the evidence, a lack of evidence or a conflict in the evidence. Did you hear anybody else testify to dispute the officer's story?
Watts' attorney immediately objected and moved for a mistrial because the prosecutor improperly commented on Watts' failure to testify. The court denied the motion. The jury convicted Watts of all charges.
"In Florida, we have adopted a very liberal rule for determining whether a comment constitutes a comment on silence: any comment which is `fairly susceptible' of being interpreted as a comment on silence will be treated as such." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
Where a total of two persons were present during the incidents involved in this case, namely Williams and Watts, and only Williams testified, the prosecutor's question, "Did you hear anybody else testify to dispute the officer's story?" could refer only to Watts' failure to testify. See Smith v. State, 843 So.2d 1010 (Fla. 1st DCA 2003). The cases the state has cited in its brief are all factually distinguishable.
"[C]omments on silence are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial by influencing the jury verdict...." DiGuilio, 491 So.2d at 1136; see also Jones v. State, 653 So.2d 1110, 1112 (Fla. 4th DCA 1995). To avoid reversal, the state must prove beyond a reasonable doubt that the error did not affect the jury's verdict. DiGuilio, 491 So.2d at 1139. The state cannot meet that burden in this case. The evidence was not clearly conclusive, particularly with respect to the charge of battery on a law enforcement officer. The defense countered Williams' testimony with the fact that Watts did not engage in any aggressive behavior towards Williams at all, even while she was handcuffing him. Moreover, the issue of intent was always present. Williams testified that Watts was in handcuffs when this occurred, and that he "lunged" at her as she was attempting to get him into her car. Her only injuries were to her hand, which twisted while holding onto Watts' handcuffs as he lunged. She then was able to get him into the vehicle without further incident. Watts' attorney suggested that the lunging was no more than an accident. The jury certainly could have been swayed by the fact that Watts did not testify to his version of events, as pointed out by the prosecutor.
We reverse for a new trial. Because of our reversal, we do not address the remaining issues raised by Watts.
STEVENSON, C.J., and MAY, J., concur.
NOTES
[1] Another officer apparently pulled up while Williams was in her car checking Watts' identification. However, he left before Williams had completed her check.