980 So.2d 1195 (2008)
Mark Alexander HILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-478.
District Court of Appeal of Florida, Third District.
April 30, 2008.
*1196 Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lisa A. Davis, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and SALTER, JJ.
COPE, J.
Mark Alexander Hill appeals his conviction and sentence for the possession of heroin with intent to sell within 1000 feet of a place of worship. We reverse.
On the day of the arrest, Officer Ferguson was involved in a drug surveillance operation in the Overtown area of Miami. At trial, the officer, the only eyewitness to the transaction, testified that he was sitting in an unmarked car parked in the middle of the block on one side of a city street. He saw a Jaguar automobile approach and stop on the other side of the street. The Jaguar then went around the block and returned to approximately the same position. The Jaguar pulled over to the curb on the opposite side of the street *1197 from the unmarked car. The driver's side of the Jaguar was parallel to, and a little bit behind, the officer's unmarked car. The officer testified that by turning his head to the left, he could see through the car windows of the Jaguar. It was about 6:00 p.m. The distance was thirty to forty feet.
The officer saw Hill approach the Jaguar from the passenger side. Hill looked to his right and left, then reached inside his pockets. According to the officer, "He took out what I saw was a plastic bag. Couldn't quite see it. About thumbnail size." Hill handed it inside the car and the occupants handed him money. The officer could not see the denomination but saw the color of the currency.
Hill rode off on his bicycle in one direction and the automobile drove off in a different direction. The officer gave the order to arrest Hill and the persons in the automobile. Hill was arrested approximately two minutes later by another officer who was also a member of the surveillance operation. Hill was carrying $178 in cash. No heroin was found in his possession. The Jaguar was also stopped and the two occupants were arrested when two thumbnail size bags of heroin were observed on the car's center console. The two bags each bore the identical blue devil logo.

The Location as a "High Crime Area"
Before trial, the defense filed a motion in limine specifically requesting that the State be prohibited from introducing evidence that the sale took place in a high crime area. That motion was granted. At trial the following was elicited from Sergeant Davis, another member of the surveillance team:
Q. Can you please describe for the jury how you became involved in this case.
A. There was a surveillance-base[d] takedown that was being conducted. And Mr. Hill was identified as one of the suspects that was involved in a suspect sell [sic] of narcotics.
Q. Can you explain to the jury what you mean by "surveillance base[d] takedown"?
A. That's where we watch a certain area for activity that's going on. That we got reports of activity going on in particular narcotics sales and 
Ms. Diaz: Objection, Your Honor. Limine motion.
The Court: Overruled.
. . . .
The Witness: As a result of the information we received from people who live in the area and complaints we received, I review a lot of reports, I set up surveillance in certain areas where we know that certain types of activities are affirmed.
Ms. Diaz: Objection, your honor. This was [the] subject of [a] motion in limine. Could we have a sidebar, Your Honor?
(Emphasis added). At the sidebar conference, the State argued it was allowed to present testimony to explain what was meant by a "surveillance based takedown." The defense objection was overruled.
We conclude that the objection should have been sustained. The Florida Supreme Court has said that a brief statement about why an investigation occurred is permissible. Keen v. State, 775 So.2d 263, 270-76 (Fla.2000). However, the court explained that "when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a `tip' or `information received,' without going into the details of the accusatory information. Id. at 270 (quoting State v. Baird, 572 So.2d 904, 908 (Fla.1990)).
*1198 Unfortunately, the Sergeant's testimony informed the jury the police knew that confirmed drug sales were taking place in the neighborhood. Based on this statement the jury could conclude that if Hill were in the area it was because he was there to sell drugs. "In a prosecution for possession of illegal drugs, the fact that a police officer knows that an arrest scene is a reputed narcotics area does not prove anything in issue and is `patently prejudicial'." Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991).

The State's Comments on "Uncontroverted" Evidence.
Hill also contends that statements made by the State during closing arguments that the evidence presented at trial was "uncontroverted" and "uncontradicted" constituted improper burden shifting and were comments on Hill's right to remain silent. Again, we agree.
Officer Ferguson was the only eyewitness to the actual transaction who testified at trial (although other members of the team testified about the apprehension of Hill and the occupants of the Jaguar). Hill did not testify in his own defense. The defense argued that the officer could not have seen a thumbnail sized baggie being exchanged for currency from a distance of thirty to forty feet away. During closing arguments the State said:
[The Assistant State Attorney]: . . . Yes, the only person who witnessed this transaction was Officer Ferguson. And you saw him testify on the stand. And I submit to you that his testimony is not only credible, but it's uncontradicted. Uncontroverted.
[Defense Counsel]: Objection, Your Honor. Shifting the burden.
A sidebar conference was held, during which the State argued that it was not burden shifting to say that evidence was uncontradicted when Officer Ferguson was the only eyewitness and no other witness testified to the contrary. Counsel for Hill responded that since Hill was the only person who could controvert the officer's testimony, the State was improperly suggesting to the jury that Hill had some obligation to present evidence to refute it. The defense asked the court to instruct the jury that Hill did not have to prove or disprove anything. The court overruled the objection and did not give the requested curative instruction. The State then continued its closing argument by saying: "Ladies and gentlemen, Officer Ferguson's testimony is uncontradicted and uncontroverted. . . . Certainly don't have a right to sell heroin within a thousand feet of a church. That's what the defendant did. Uncontradicted and uncontroverted.
Hill argues on appeal that the State impermissibly commented on his right to remain silent. In State v. DiGuilio, 491 So.2d 1129 (Fla.1986), the Florida Supreme Court stated: "In Florida, we have adopted a very liberal rule for determining whether a comment constitutes a comment on silence: any comment which is `fairly susceptible' of being interpreted as a comment on silence will be treated as such." Id. at 1135. In Rodriguez v. State, 753 So.2d 29 (Fla.2000), the Court said: "A constitutional violation occurs . . . if either the defendant alone has the information to contradict the government evidence referred to or the jury `naturally and necessarily' would interpret the summation as a comment on the failure to testify." Id. at 38.
This case is similar to Watts v. State, 921 So.2d 722 (Fla. 4th DCA 2006). In Watts, Officer Williams was the sole witness for the prosecution and Watts did not testify. The prosecutor, in closing, said: "Did you hear anybody else testify to dispute *1199 the officer's story?" The court held: Where a total of two persons were present during the incidents involved in this case, namely William and Watts, and only Williams testified, the prosecutor's question, "Did you hear anybody else testify to dispute the officer's story?" could refer only to Watts' failure to testify. Id. at 724.
The State argues that the above cases do not apply because there were two additional witnesses who potentially could have been called as witnesses in this case: the driver and passenger in the Jaguar. But the State did not call them as witnesses and the defendant has no obligation to call any witnesses. From the viewpoint of the jury, the jury saw Officer Ferguson (who did testify about the transaction) and Hill (who did not). The closing argument would suggest to the jury that the defendant could have disputed the officer's testimony but did not do so. The comments were "fairly susceptible" of being interpreted as comments on Hill's failure to testify, and it was error for the trial court to overrule the defense's objections.
The comments could also be understood to suggest that Hill had the burden to present evidence to refute Ferguson's version of the transaction. It is well established that the State has the burden of proving every element of a crime beyond a reasonable doubt and this burden never shifts from the State. Conner v. State, 910 So.2d 313, 315 (Fla. 5th DCA 2005). The Florida Supreme Court has said that "the State may not comment on a defendant's failure to mount a defense because doing so could lead the jury to erroneously conclude that the defendant has the burden of doing so." Rodriguez, 753 So.2d at 38; Jackson v. State, 575 So.2d 181, 188 (Fla.1991)("State cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence."); Jackson v. State, 933 So.2d 1180, 1183 (Fla. 4th DCA 2006) ("State cannot comment on a defendant's failure to produce evidence to refute an element of the crime because doing so could erroneously lead the jury to believe the defendant carried the burden of introducing evidence."); Miele v. State, 875 So.2d 812, 814 (Fla. 2d DCA 2004) ("It is not permissible for the State to comment on the defendant's failure to present evidence refuting an element of the charged crime."); Smith v. State, 843 So.2d 1010, 1011 (Fla. 1st DCA 2003) ("the statement `Nobody testified he wasn't the guy,' can only be taken as intended to suggest, impermissibly, that appellant had some burden to present evidence refuting the State's identification testimony.").

Harmless Error Analysis
The final question is whether the errors are harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Although there were several members of the surveillance team, only Officer Ferguson observed the encounter between Hill and the occupants of the Jaguar. The main defense was that it was physically impossible for the officer to have observed a transaction involving thumbnail-sized plastic baggie with the unaided eye from a distance of thirty to forty feet, given the relative positions of the two cars. We are unable to say the error was harmless beyond a reasonable doubt. We therefore reverse the judgment and remand for a new trial.
Reversed and remanded for a new trial.