COPE, J.
 

 Defendant-appellant James Morgan appeals his conviction for the offense of possession of cocaine. While the trial court erred in denying a motion in limine, the error was harmless under the circumstances of this case.
 

 On September 25, 2007, two officers were driving together on routine patrol when one officer saw the defendant standing by a window of a house that the officer claimed was a house where crack cocaine was sold. The officer got out of his car. As the defendant was walking toward the officer, the officer saw the defendant drop a clear plastic bag. The contents of the bag were later tested and found to be cocaine.
 

 Before trial began, the defendant filed a motion in limine seeking to preclude the officers from referring to the house where the defendant was arrested as a known drug house. The State argued that it was relevant to explain why the officer got out of the car and walked toward the defendant. The court denied the defendant’s motion in limine finding that the prejudice did not outweigh the probative value.
 

 At trial, at the conclusion of the officers’ testimony, defense counsel moved for a mistrial because of the refei'ences to the house as a crack house.
 
 *
 
 The motion was denied. The jury found defendant guilty as charged.
 

 The issue on appeal is whether the trial court erred in denying defendant-appellant Morgan’s motion in limine. We conclude that the motion in limine should have been granted.
 

 The Florida Supreme Court has addressed this issue. The Court held that reversal was appropriate on the following facts:
 

 During his opening statement the prosecutor described the area in which
 
 *19
 
 the defendant was arrested as “an area that is known to be inhabited by drug users.” Later during the trial, a police officer testified that he went up the alley in which the arrest was made because “there had been several narcotic arrests made in that area; and the bar at 22nd and Sims has quite a reputation for narcotics in that area.” The inference drawn from this testimony was patently prejudicial to Beneby, and the conviction was properly reversed.
 

 Gillian v. State,
 
 573 So.2d 810, 811 (Fla.1991)
 
 (discussing Beneby v. State,
 
 354 So.2d 98 (Fla. 4th DCA 1978)) (citations omitted).
 

 This court followed
 
 Beneby
 
 in
 
 Cabral v. State,
 
 550 So.2d 46 (Fla. 3d DCA 1989). There, the officer told the jury that the place of the arrest was “ ‘well known for illegal narcotics use’ and that the police had ‘received complaints’ that drugs were being sold in the defendant’s apartment complex.” 550 So.2d at 47. This court ruled that the testimony “did not prove anything in issue and served only to unduly prejudice the jury.”
 
 Id.
 
 Under the circumstances of the case, the error was not harmless and a new trial was ordered.
 
 Id.
 

 We again held this kind of testimony to be improper in
 
 Lowder v. State,
 
 589 So.2d 933, 935 (Fla. 3d DCA 1991). There, we determined that an officer’s characterization of the location of defendant’s arrest as a narcotics area to be improper.
 
 Id.
 
 We reasoned that this type of evidence is “introduced only to show bad character or propensity, and may unduly prejudice the jury.”
 
 Id.
 

 More recently, in
 
 Hill v. State,
 
 980 So.2d 1195 (Fla. 3d DCA 2008), we also ruled high crime area testimony improper. There, the court granted a motion in li-mine prohibiting the State from introducing evidence that defendant’s arrest took place in an area of high crime.
 
 Id.
 
 at 1197. Notwithstanding this, an officer at trial testified that he set up a surveillance in the area because the officer had received “reports of activity going on in particular narcotics sales[.]”
 
 Id.
 
 The defendant objected, but the objection was overruled.
 
 Id.
 
 We determined that the court erred in overruling the objection because based on the testimony, the “jury could conclude that if [the defendant] were in the area it was because he was there to sell drugs.”
 
 Id.
 

 The Florida Supreme Court in
 
 State v. Johnson, 575
 
 So.2d 1292 (Fla.1991), approved the decision in
 
 Johnson v. State, 559
 
 So.2d 729 (Fla. 4th DCA 1990). In that case, the arresting officers testified about “the reputation of the location where the arrest was made as a high crime area,” 559 So.2d at 729, and said that “‘it is a predominantly black neighborhood, but very well known for high school narcotics, prostitution to robberies and burglaries.’ ” A new trial was ordered,
 
 id.,
 
 and the concurring judge pointed out that under the circumstances, the error was not harmless.
 
 Id.
 
 at 730 (Stone, J., concurring specially).
 

 Based on this line of cases, the court should have granted the defendant’s motion in limine and sustained the defense objections to this testimony. However, we conclude the error was harmless beyond a reasonable doubt.
 
 See Cabral,
 
 550 So.2d at 47 (upon a finding of error, the court must determine whether it was harmless). The defendant told the officers that he was in the area in search of cocaine. One officer testified at trial that in explaining what he was doing in the area, defendant said “[h]e was just seeing if anyone dropped any crack cocaine on the ground so he could pick it up.” The other officer testified that the defendant said he “knew that that was a drug house and that they sold drugs there and he was looking
 
 *20
 
 around the yard to see if anybody had dropped some crack to the ground.” In light of defendant’s own statements to the officers regarding the location, the officers’ testimony on the point was harmless beyond a reasonable doubt.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986)
 

 Affirmed.
 

 *
 

 Among the statements made by the officers on the stand, one officer testified that the house was a "house known for the sell (sic) and use of narcotics mainly crack cocaine.”