EMAS, J.
Following a jury trial, Reyand Shaw was convicted of and sentenced for Lewd or Lascivious Exhibition on a Child Under Sixteen, and Lewd or Lascivious Molestation on a Child Under Twelve by a Person Eighteen Years or Older. Reyand Shaw appeals both convictions and sentences. We affirm without further discussion his conviction and sentence for Lewd or Lascivious Exhibition (Count One); for the reasons that follow, however, we reverse the conviction and sentence on the charge of Lewd or Lascivious Molestation (Count Two) and remand for a new trial on that count.
Shaw was charged in a two-count information. Count Two alleged that Shaw, “being a person of the age of eighteen (18) years or older, did unlawfully and intentionally force or entice J.F. (A MINOR), a person less than twelve (12) years of age, to touch the breasts, genitals, genital area, or buttocks, or the clothing covering the breasts, genitals, genital area, or buttocks of said defendant, in violation of 800.04(5)....”
Sections 800.04(5)(a) and (b), Florida Statutes (2006) provide:
(5) Lewd or lascivious molestation.—
(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.
(b) An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a life felony, punishable as provided in s. 775.082(3)(a)4.
It is thus clear that a defendant who intentionally touches a victim in an area of the body prohibited by the statute, and does so in a lewd or lascivious manner, commits the offense of lewd or lascivious molestation. Perhaps less clear (at least at the time of the trial in 2011) is whether the statute requires a defendant act in a lewd or lascivious manner when he forces or entices a victim to touch the defendant in an area of the body prohibited by statute.
At the time of the trial, the standard jury instruction for lewd or lascivious molestation provided in pertinent part:
11.10(c) LEWD OR LASCIVIOUS MOLESTATION
§ 800.04(5), Fla. Stat.
To prove the crime of Lewd or Lascivious Molestation, the State must prove the following three elements beyond a reasonable doubt:
1.(Victim) was less than 12 years of age.

Give 2a or 2b as applicable.

2. (Defendant),
a. intentionally in a lewd or lascivious manner, touched the [breasts] [genitals] [genital area] [buttocks] [clothing covering the breasts] [clothing covering the genitals] [clothing covering the genital area] [clothing covering the buttocks] of (victim).
b. intentionally [forced] [enticed] (victim) to touch the [breasts] [genitals] [genital area] [buttocks] [clothing covering the breasts] [clothing covering the genitals] [clothing covering the genital area] [clothing covering the buttocks] of (defendant).
3. (Defendant) was 18 years of age or older at the time of the offense.
(Emphasis added.)
As can be seen, where the crime charged involves the defendant touching the victim, the 2011 standard jury instruc *304 tion required proof that the defendant acted in a lewd or lascivious manner. By contrast, where the charge involves the defendant forcing or enticing the victim to touch the defendant, the 2011 standard jury instruction required no such proof.
At the charge conference, Shaw objected to the standard jury instruction because it did not require, as an essential element, that the State prove that the defendant acted in a lewd or lascivious manner when he forced or enticed the victim to touch the defendant. Defense counsel argued that the language of the statute (“or forces or entices a person ... to so touch the perpetrator”) requires proof that the defendant, in the forcing or enticing, acted in a lewd or lascivious manner.
The trial court overruled Shaw’s objection and charged the jury as follows:
To prove the crime of lewd and lascivious molestation, the State must prove the following three elements beyond a reasonable doubt:
[Number one], J.F. (A Minor) was less than 12 years of age;
Number two, Reyand Christopher Shaw intentionally forced or enticed J.F. (A Minor) to touch the genitals, genital area, clothing covering the genitals or clothing covering the genital area of Re-yand Christopher Shaw; and,
Number three, Reyand Christopher Shaw was 18 years of age or older at the time of the offense.
In 2013, while this case was on appeal, the Florida Supreme Court amended this standard jury instruction [1] addressing the very infirmity raised by Shaw during the charge conference. The amended standard jury instruction, as applied to the allegations in this case, now reads in relevant part:
11.10(c) LEWD OR LASCIVIOUS MOLESTATION
§ 800.04(5), Fla. Stat.
To prove the crime of Lewd or Lascivious Molestation, the State must prove the following three elements beyond a reasonable doubt:
1. (Victim) was less than 12 years of age.
2. (Defendant), in a lewd or lascivious manner, intentionally [forced] [enticed] (victim) to touch the [breasts] [genitals] [genital area] [buttocks] [clothing covering the breasts] [clothing covering the genitals] [clothing covering the genital area] [clothing covering the buttocks] of (defendant).
3. (Defendant) was 18 years of age or older at the time of the offense.
(Emphasis added to amendatory language.).
 The State argues on appeal that Shaw did not adequately preserve this error, and that an unpreserved objection to a missing element in an instruction is not fundamental error where that element relates to an undisputed issue at trial. See Garzon v. State, 980 So.2d 1038, 1042 (Fla.2008).[2] While the proposition of law is correct, the State’s premise is not. A reading of the transcript of the charge conference establishes that Shaw properly *305 and contemporaneously objected to the standard jury instruction, asserting that it failed to include any requirement that the State prove Shaw acted in a lewd or lascivious manner. Because Shaw in fact made a contemporaneous objection and adequately preserved the error, the failure to instruct on this essential element requires reversal and a new trial on the charge of Lewd or Lascivious Molestation (Count Two). See State v. Delva, 575 So.2d 643 (Fla.1991).
Affirmed in part, reversed in part, and remanded for a new trial on Count Two of the information.

. See In re Standard Jury Instructions in Criminal Cases—Report No. 2012-01, 109 So.3d 721 (Fla.2013). We note that the trial judge did not have the benefit of the Supreme Court's opinion amending the standard jury instruction, as it was issued two years after the trial.

. Shaw concedes that this omitted element did not pertain to a material issue in dispute at trial.