COHEN, J.
Keum San Yi appeals from the judgment and sentence entered after a jury found him guilty of three counts of lewd or lascivious molestation as well as one count of misdemeanor battery, a lesser-included offense of the sexual battery offense with which he was charged. We reverse and remand for a new trial.
A number of errors that occurred during the course of the trial compel reversal. First and foremost, the trial court erred in instructing the jury on the crime of lewd or lascivious molestation.[1] In pertinent part, the trial court instructed the jury that the State must prove that Yi touched the buttocks, breasts, or genitalia of the victim, or the clothes covering the buttocks, breasts, or genitalia of the victim. However, at the time of the trial, the standard jury instruction on lewd or lascivious molestation provided that the State must prove that the defendant “intentionally touched in a lewd or lascivious man-net” the buttocks, breasts, or genitalia of the victim, or the clothes covering the buttocks, breasts, or genitalia of the victim. In re Standard Jury Instructions in Criminal Cases-Report No. 2008-02, 998 So.2d 1138, 1139 (Fla.2008) (emphasis added).[2] Inexplicably, the trial court deviated from the standard jury instruction by omitting the element that required the State to prove that Yi touched the victim “in a lewd or lascivious manner.”[3] Thus, the State was not required to prove that any touching was done with a lewd or lascivious intent. We conclude that the omission of an essential element of the offense constituted fundamental error in this case. Cf. Shaw v. State, 118 So.3d 302, 305 (Fla. 3d DCA 2013) (holding that trial court’s failure to instruct jury that offense of lewd or lascivious molestation required that defendant acted in a lewd or lascivious manner required reversal).
While conceding that the jury instruction given was erroneous, the State argues that affirmance is nevertheless appropriate because the omitted portion of the instruction did not involve a contested element of the offense, citing Battle v. State, 911 So.2d 85 (Fla.2005), and Garzón v. State, 939 So.2d 278 (Fla. 4th DCA 2006). We reject the State’s position that the defense did not contest the nature of any touching. While Yi acknowledged that, as the victim’s adoptive father, he hugged and had other physical contact with her, he expressly denied any improper touching. Yi argued that any touching *188 that occurred was simply the result of joking, playing, tickling, or hugging. Both sides explicitly argued about the nature of the touching in question. Thus, it is clear that a contested issue at trial was whether the touching was done in a lewd or lascivious manner.
Next, Yi argues that the trial court erred in permitting a deputy to offer his personal opinion on the victim’s credibility. We agree. During the State’s direct examination of Deputy Watko, the following exchange took place:
[THE STATE]: How long did you work with sex crimes in the past when you were in that unit?
[THE DEPUTY]: Three years.
[THE STATE]: And how many interviews would you have approximately with the victims of sex crimes?
[THE DEPUTY]: Hundreds, dozens. Hundreds.
[THE STATE]: Out of those dozens of [sic] hundreds of interviews, out of some of them, did you determine in your own investigations that perhaps the witness doesn’t match up and didn’t believe them?
[DEFENSE COUNSEL]: Your honor, I’m going to object to any of her credibility .... I think he’s trying to bolster this officer’s opinion of her credibility.
THE COURT: Overruled.
[THE DEPUTY]: Yes. You — there are times just based on the way someone’s answering questions, their answers will become inconsistent sometimes, and none — I had received none of those indicators with [the victim].
[THE STATE]: In fact, there were no inconsistencies or red flags that jumped out to you at all?
[THE DEPUTY]: None whatsoever.
The trial court allowed the deputy to express his opinion about the credibility of the State’s principal witness in a case where the victim’s credibility was critical. This constitutes an invasion of the province of the jury to determine a witness’s credibility. Seibert v. State, 928 So.2d 460, 472 (Fla.2006). Further, “ ‘[i]t is especially harmful for a police witness to give his opinion of a witnesses’ [sic] credibility because of the great weight afforded an officer’s testimony.’ ” Id. (quoting Page v. State, 738 So.2d 1079, 1081 (Fla. 4th DCA 1999)). This error requires reversal on all counts.
Since we are reversing and remanding this case for a new trial, we deem it appropriate to address additional issues raised by Yi in the hope that these errors are not repeated upon retrial. During closing argument, the State made the following argument: “This is a case in which you’ve heard testimony from the only person that was basically there. You only had one person who testified that was there[:] [the alleged victim].” In our view, the State’s argument is susceptible of being viewed as a comment on Yi’s exercise of his right to remain silent. It suggests that there were two people in the room who knew what happened, and only one of them testified at trial. The argument was improper.[4] See Hill v. State, 980 So.2d 1195, 1198-99 (Fla. 3d DCA 2008). Likewise, the State’s comments denigrating Yi’s theory of the defense, calling it absurd and suggesting that defense counsel was grasping at straws, were improper arguments that must not be repeated. See *189 Henry v. State, 743 So.2d 52 (Fla. 5th DCA 1999) (holding prosecutor made improper closing argument by calling defendant’s version of events as the “most ridiculous defense” that prosecutor had ever heard).
The last issue raised is the standard used by the trial court at the hearing on Yi’s motion to suppress. The trial court correctly applied the law as it existed at the time of the hearing. The trial court relied upon State v. Johnson, 695 So.2d 771 (Fla. 5th DCA 1997), in viewing the evidence in the light most favorable to the prosecution. However, subsequently, in Wheeler v. State, 87 So.3d 5 (Fla. 5th DCA 2012) (en banc), we receded from Johnson and held that the trial court must weigh the evidence based upon the totality of the circumstances, without any favoritism towards the prosecution. In the event that the State attempts to offer the substance of any statements obtained from Yi, including the investigating detective’s reproduction of the picture drawn by Yi during his interrogation, the court should reconsider the motion to suppress utilizing the new standard.
Accordingly, we reverse for a new trial and remand on all four counts.
REVERSED for new trial; REMANDED.
TORPY, C.J., and SAWAYA, J„ concur.

. Apparently, the assistant state attorney prepared the jury instructions in this case. Notwithstanding, the trial court has a duty to ensure that the jury is properly instructed, and that duty cannot be abdicated.

. In 2013, the Florida Supreme Court amended this standard jury instruction; however, those amendments are not relevant to the instant appeal.

.The jury was also instructed on the definition of the words "lewd” and "lascivious.” We reject the State's argument that the jury inferred from the inclusion of those definitions that the State also had to prove that Yi touched the victim in a lewd or lascivious manner.

. Because we are reversing for a new trial on other grounds, we need not decide whether the issue was preserved by a timely objection.