358 So.2d 1137 (1978)
Anthony SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-435.
District Court of Appeal of Florida, Third District.
May 9, 1978.
Rehearing Denied June 16, 1978.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before KEHOE, J. and BOYD, JOSEPH A., Jr., Associate Judge and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction and sentence entered pursuant to a jury verdict for attempted robbery and unlawful possession of a firearm while engaged in a criminal offense. For the reasons set forth below we reverse.
Appellant, in one of his two points on appeal, contends that when the prosecutor, during his opening statement to the jury, made the following comment, it violated Section 918.09, Florida Statutes (1969), and his rights under the Fifth and Fourteenth Amendments to the United States Constitution:
"The basic issue, and just keep this throughout the whole trial, the basic issue in this whole case is going to be one of credibility. Do you believe Mrs. Sentz [State's witness] or are you going to believe the Defendant [appellant]. That's going to be the basic issue."
Accordingly, appellant further contends that the trial court erred when it denied his motions for a mistrial based on this comment.
Section 918.09, Florida Statutes (1969), provides, among other things, as follows:
"... no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, ..."
Appellant argues that the prosecutor's comment amounted to a challenge for him to meet the State's evidence with his own proof of innocence and that such comment lodged within the minds of the jury the impression that he should come forward to personally rebut the State's testimony. Appellant further argues that when he failed to meet that challenge, by exercising his right not to testify, the jury was left with the prosecutor's direction to test the victim's testimony against his lack of testimony, thereby, turning his right to remain silent into a fiction.
*1138 Plausible as the effect attributed by appellant to the prosecutor's statement may be, it is unnecessary for us to agree. It is sufficient that we determine the contentious statement to be one which commented on appellant's failure to testify in his own behalf. Under the circumstances of this case, we have concluded that the statement, set forth above, made by the prosecutor did amount to a comment on the failure of appellant to testify in his own behalf. It follows that such a comment was a violation of Section 918.09, Florida Statutes (1969). However, appellee argues that the trial court gave adequate curative instructions to the jury to ignore the improper comment. We disagree with appellee's argument. In our opinion, the statement constituted a comment on the failure of appellant to testify in his own behalf, contrary to the provision of Section 918.09, Florida Statutes (1969), and could not be cured by the trial court instructing the jury to disregard it. See, e.g., Trafficante v. State, 92 So.2d 811 (Fla. 1957); Way v. State, 67 So.2d 321 (Fla. 1953); Rowe v. State, 87 Fla. 17, 98 So. 613 (Fla. 1923); and Singleton v. State, 183 So.2d 245 (Fla. 2d DCA 1966). Consequently, the failure of the trial court to grant appellant's motions for a mistrial, based on the improper comment, was an abuse of its discretion. Because of this determination, it is unnecessary for us to reach the constitutional aspects of this point on appeal.
Appellant's other point on appeal, i.e., whether the trial court erred in denying his motion to suppress a pre-trial identification, is without merit. See, e.g., Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Settle v. State, 288 So.2d 511 (Fla. 1974); Ashford v. State, 274 So.2d 517 (Fla. 1973); and Grech v. State, 243 So.2d 216 (Fla. 3d DCA 1971).
For the reasons set forth above, the judgment and sentence appealed are reversed and the cause is remanded for a new trial.
Reversed and remanded.
CHARLES CARROLL (Ret.), Associate Judge, dissents.