768 So.2d 1246 (2000)
Joseph BARNETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1519.
District Court of Appeal of Florida, Fifth District.
October 13, 2000.
Thomas E. Cushman, St. Augustine, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
We sua sponte withdraw our prior opinion of April 14, 2000, and substitute the following opinion. Our prior opinion reversed the appellant's conviction for contributing to the delinquency of a minor based on this court's decision in State v. Fuchs, 751 So.2d 603 (Fla. 5th DCA 1999), which held section 827.04(1)(a), Florida Statutes unconstitutional. We stayed issuance of the mandate in this case, however, upon notice that the Florida Supreme Court had granted review of Fuchs. The Florida Supreme Court's recent decision in State v. Fuchs, 2000 WL 1288872 (Fla. Sept.14, 2000) reversed this court's decision in Fuchs and upheld the constitutionality of the statute. In consideration of the supreme court's holding, we issue the following opinion.
The appellant appeals his convictions for lewd and lascivious assault upon a child and for contributing to the delinquency of a child. He raises three issues in this appeal wherein he alleges: 1) the prosecutor impermissibly commented on his right to remain silent; 2) the jury instructions given by the trial court regarding the charge of contributing to the delinquency of a child were incomplete; and 3) the evidence did not support the appellant's conviction for that offense.
The first issue arises from questioning of prospective jurors by the prosecutor during voir dire examination. The prosecutor asked whether any of the prospective jurors "couldn't find the defendant guilty of anything unless there was an eyewitness, other than the victim testifying?" Later in the examination, in response to a question from one of the prospective jurors, the prosecutor asked if they would be willing to use their common sense to judge the credibility of the witnesses and stated that it may "come down to which witness is more credible, which one is more believable." The appellant's attorney objected to these statements and moved for mistrial on the grounds that they constituted an impermissible comment on the appellant's right to remain silent. The trial court overruled the objection and denied the motion.
We agree with the trial court that these statements, when considered in the context *1247 in which they were made,[1] do not constitute an impermissible comment on the appellant's right to remain silent. See Pope v. State, 679 So.2d 710 (Fla.1996). Even if they did, the appellant did not properly preserve this issue for appellate review because he failed to renew his objection and motion for mistrial before the jury was sworn. See Joiner v. State, 618 So.2d 174 (Fla.1993); Karp v. State, 698 So.2d 577 (Fla. 3d DCA 1997); see also Franqui v. State, 699 So.2d 1332 (Fla.1997); Melbourne v. State, 679 So.2d 759 (Fla.1996); Rollins v. State, 707 So.2d 823 (Fla. 3d DCA 1998). Therefore, we affirm the appellant's conviction for lewd and lascivious assault upon a child.
The other issues raised by appellant relate to his conviction for violating subsection 827.04(1), Florida Statutes (1997). We find the arguments relating to those issues are without merit, and thus we affirm appellant's conviction for contributing to the delinquency of a child.
AFFIRMED.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] The colloquy between the prosecutor and the prospective jurors wherein the statements were made is as follows:

State: Okay. Is there anybody here that requires that unless there was let's say an eye witness to the crime or the crime, without an eyewitness is there anybody here, and when I say eye witness, I am including the witness, the victim which would obviously be an eyewitness [sic]. Is there anybody here would [sic] couldn't find the defendant guilty of anything unless there was an eyewitness, other than the victim testifying? Anybody feel that way?
(No Response)
State: Anybody not quite understand my question?
A Venire Member: I would question whether it was right to convict somebody without any sort of eyewitness testimony.
State: As I said, we have a victim. Assuming there is a victim who testifies, that is certainly eyewitness testimony, but other than that, my question is would anybody here require additional eyewitness testimony before they can find a defendant guilty of a charge?
The Veniremen: No.
State: Everybody says no?
The Veniremen: No.
A Venire Member: Isn't that what we are trying to judge? Wouldn't we make a decision before [sic].
State: And would you be willing to use your common sense to judge the credibility of the witnesses, in other words, who to believe and who not to believe? Would you be willing to do that? In other words, it may come down to which witness is more credible, which one is more believable. Does everyone understand and agree to that?
The Veniremen: Yes.
State: Does everybody agree and understand that?