WOLF, J.
 

 Appellant raises several issues concerning his convictions for lewd and lascivious battery and failure to appear. Because we find no error, we affirm; however, we write to address two of appellant’s arguments.
 

 In appellant’s first issue, he asserts the trial court erred in failing to grant his motion to sever the lewd and lascivious charge from the failure to appear charge. In determining whether severance is warranted, a court must consider several factors including the temporal and geographic association of the crimes, the nature of the crimes, and the manner in which the crimes were committed.
 
 Garcia v. State,
 
 568 So.2d 896, 899 (Fla.1990);
 
 see also Domis v. State,
 
 755 So.2d 683, 685 (Fla. 4th DCA 1999);
 
 Sule v. State,
 
 968 So.2d 99, 103 (Fla. 4th DCA 2007) (discussing when severance is appropriate). “[F]or joinder to be appropriate, the crimes must be linked in a significant way.”
 
 Domis,
 
 755 So.2d at 685. In
 
 Ellis v. State,
 
 622 So.2d 991, 999-1000 (Fla.1993), the supreme court summarized the types of acts that could be deemed connected from just those occurring in an episodic sense by stating:
 

 Our recent opinion in
 
 Fotopoulos
 
 also sheds light on the proper standard for joinder.... While there was a substantial lapse of time in
 
 Fotopoulos,
 
 it was clear that the two crimes were linked in a causal sense: One was used to induce the other. That causal link was sufficient to permit joinder, since one crime could not properly be understood without the other.
 
 Fotopoulos,
 
 608 So.2d at 790. In sum, the two crimes Fotopoulos helped commit constituted a single episode because of their obvious causal link and despite a
 
 lapse
 
 of time....
 

 
 *726
 
 There are several rules that can be distilled from ... earlier cases. First, for joinder to be appropriate the crimes in question must be linked in some significant way. This can include the fact that they occurred during a “spree” interrupted by no significant period of respite,
 
 Bundy [v. State,
 
 455 So.2d 330 (Fla.1984) ], or the fact that one crime is causally related to the other, even though there may have been a significant lapse of time....
 

 (Emphasis supplied).
 
 See also Fotopoulos v. State,
 
 608 So.2d 784 (Fla.1992). In the instant case, the record evidences there was a significant separation in time from the date the lewd and lascivious battery occurred to the date appellant failed to appear. However, the two charges are “causally linked” to one another. It is undisputed appellant did not make an appearance at crucial court proceedings on the lewd and lascivious charge. Because the lewd and lascivious charge was the but-for cause of the failure to appear, based on the language in
 
 Ellis
 
 and
 
 Foto-poulos,
 
 the two counts were “causally linked” and were properly joined.
 

 In his third issue, appellant asserts improper comments made during closing argument warrant reversal. During the first phase of closing argument, the prosecutor stated:
 

 As to count 1 the State must prove 2 elements beyond and to the exclusion of every reasonable doubt in order for you to convict the defendant. The first element is that [the victim] was under the age of 12. The evidence that we presented that was the testimony of her mother who testified as to her date of birth and importantly the testimony of [the victim] who you obviously could tell she was a young girl and told her her date of birth was []
 
 so without any evidence contradicting
 
 that the State has proven to you beyond a reasonable doubt the first element of the charge.
 

 In cases like this, it is always a[sic] one-person’s word against another. In these particular
 
 cases
 
 — In
 
 this particular case it is the word of Milcayla against the plea of not guilty that [appellant] entered
 
 .... So if you are looking for a reason to not believe [the victim] there isn’t one. Because there is no evidence that she would have made this up at this particular time under these particular circumstances. And that’s the consideration you should make in deciding whether or not her testimony is credible.
 

 (Emphasis added). These comments were objected to contemporaneously, and thus, the issue was properly preserved. A comment suggesting a witness gave “uncontra-dicted” or “uncontroverted” evidence is an impermissible comment on appellant’s right .to remain silent in those cases where the defendant is the only individual who can contradict the evidence.
 
 Hill v. State,
 
 980 So.2d 1195 (Fla. 3d DCA 2008) (holding the State’s comment that the only witness gave “uncontradicted and uncontro-verted” testimony establishing appellant’s guilt was an impermissible comment on appellant’s right to remain silent where appellant was the only individual capable of refuting the witness’s testimony);
 
 see also Watts v. State,
 
 921 So.2d 722, 724 (Fla. 4th DCA 2006) (same);
 
 Smith v. State,
 
 843 So.2d 1010 (Fla. 1st DCA 2003) (holding the State’s comment that “[n]o-body testified he wasn’t the guy” was an impermissible comment on appellant’s right to remain silent in a case in which the only individual who could have contradicted the State’s evidence was the appellant). Here, the first comment, “so without any evidence contradicting that the State has proven to you beyond a reasonable doubt the first element of the charge,” was made in reference to the State’s bur
 
 *727
 
 den to prove the age of the victim. Because this was not an issue which only appellant was capable of refuting, this comment could not be construed as a comment on appellant’s right to remain silent.
 

 The second comment, “In this particular case it is the word of [the victim] against the plea of not guilty that [appellant] entered,” if considered out of context is more problematic. However, “[w]here there is an allegation of improper comments by a prosecutor, we do not consider the comments themselves in a vacuum; rather, we view the allegedly-wrongful comments in context.”
 
 McKenney v. State,
 
 967 So.2d 951, 955 (Fla. 3d DCA 2007).
 

 When reading the statement in context it becomes clear the prosecutor was not commenting on appellant’s silence; instead, the prosecutor was arguing that no evidence had been offered to suggest the victim had a motive to lie. Witnesses other than appellant could have been called to testify regarding the victim’s alleged motive to lie, and thus, the prosecutor’s comment is not fairly susceptible to being interpreted as an erroneous comment on appellant’s right to remain silent. Specifically, the comment did not point out a lack of testimony on an issue only appellant was capable of contradicting. For the foregoing reasons, we affirm.
 

 AFFIRMED.
 

 VAN NORTWICK and ROBERTS, JJ., concur.