PER CURIAM.
In this case, we consider whether certain comments made by a prosecutor were impermissible. Gary Fontaine Bell seeks review of Bell v. State, 33 So.3d 724 (Fla. 1st DCA 2010), in which the First District Court of Appeal affirmed Bell’s convictions and sentences for lewd and lascivious molestation on a victim under twelve years of age by an offender eighteen years of age or older and for failure to appear. The First District addressed, inter alia, the following statement made by the prosecutor during closing argument in regard to the victim’s age, an element of the molestation charge: “[S]o without any evidence contradicting [the State’s evidence,] the State has proven to you beyond a reasonable doubt the first element of the charge.” Bell, 33 So.3d at 726 (emphasis omitted). The First District held that because the victim’s age “was not an issue which only [Bell] was capable of refuting, [the prosecutor’s] comment could not be construed as a comment on [Bell’s] right to remain silent.” Id. at 727.
The First District’s decision expressly and directly conflicts with Shelton v. State, 654 So.2d 1295, 1296 (Fla. 4th DCA 1995), in which the Fourth District addressed a similar prosecutorial comment on the lack of evidence contradicting an element of the crime of sale of cocaine: “But is there anything showing that [the defendant] didn’t make that sale? He was there.” The Fourth District held that the comment was improper because “it could have been interpreted by the jury as a comment on the defendant’s failure to testify.” Id. at 1297. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
We agree with the First District that the prosecutor’s comment did not constitute an improper comment on Bell’s right to remain silent. The statement concerned an issue that witnesses other than Bell could have refuted. We determine, however, that the First District erred in holding that a second comment — which implicitly referenced Bell’s failure to testify — likewise did not constitute an improper comment on Bell’s right to remain silent. Moreover, we determine that two additional comments challenged by Bell in the First District, but not expressly addressed by that court, constitute improper burden shifting. We nonetheless conclude that objections to the improper comments were not preserved and that the comments did not constitute fundamental error and thus do not require reversal. We also reject an unpreserved argument with respect to the prosecutor’s voir dire questions. Accordingly, we approve the result of the First District’s decision affirming Bell’s convictions and sentences.
I. BACKGROUND
Bell was charged by amended information with one count of lewd and lascivious molestation on a victim under twelve years of age by an offender eighteen years of age or older and one count of failing to appear at a hearing held on August 27, 2007. Bell pleaded not guilty to both charges and moved to have the charges severed. The trial court denied Bell’s motion, and the case proceeded to a jury trial. The jury convicted Bell of both counts as charged. The trial court sentenced Bell to ten years in prison for the molestation charge and to a concurrent five-year sentence for his failure to appear, followed by five years’ probation. The trial court also designated Bell as a sexual predator.
During voir dire, the prosecutor asked the jury panel the following questions: “Now, would anyone just right off the bat tell me that if all I have is a[sic] word of a *644 child to evaluate as the evidence, that that’s not enough; I would need more?”; “Without hearing any other thing about the case, could you tell me right now that the testimony of a child alone would be insufficient for you?”; and “[I]f you heard the testimony of a child telling what happened and there were no other eyewitnesses, would that not be enough for you under any circumstances?”
Bell objected to these questions at the close of the State’s voir dire and moved for a new panel, arguing that the prosecutor’s questions were simply “a backhanded way” of asking prospective jurors to “promise to come back with a guilty verdict if we have a child saying he did it.” The trial court denied Bell’s request, but told Bell to “[fjeel free to rehabilitate as you see fit.” Although Bell stated on the morning of the trial that he “continued to renew [his] objections to the Court’s denial of the various pretrial motions that [he] filed,” Bell failed to renew his specific objection to the State’s voir dire.
During trial, the State presented evidence regarding the molestation charge through the testimony of both the victim and the victim’s mother. In addition, the State presented portions of a videotaped interview of the victim conducted by a case coordinator from the Gulf Coast Kids House, a child advocacy center composed of representatives from various agencies involved in the investigation and prosecution of child abuse cases. The testimony of the victim’s mother and the taped interview of the victim — taken shortly after the ■victim first reported the abuse to her mother — corroborated the essential facts of the victim’s testimony that: while Bell was married to the victim’s mother several years earlier, he had molested the victim on multiple occasions while her mother was at work and the victim’s sister was playing outside; and on at least one occasion, Bell had placed a ring on the victim’s finger prior to molesting her and told the victim that she was now his wife.
Regarding the charge of failure to appear, the State presented the testimony of the Escambia County Clerk of Court, a deputy with the Escambia County Sheriffs Office, and a prisoner transport officer for U.S. Transport to establish that Bell was not present at multiple court dates between August and December 2007 — including the August 27 hearing — and that Bell was discovered in Las Vegas, Nevada, in December 2007. Bell did not testify in his own defense, but he presented the testimony of his mother and sister in an attempt to discredit the testimony of the victim and her mother.
During initial closing argument, the prosecutor made several statements that Bell challenged on appeal. Specifically, on appeal Bell challenged the following comments, emphasizing the underlined statements.
As to count 1 the State must prove 2 elements beyond and to the exclusion of every reasonable doubt in order for you to convict the defendant. The first element is that [the victim] was under the age of 12. The evidence that we presented that was the testimony of her mother who testified as to her date of birth and importantly the testimony of [the victim] who you obviously could tell she was a young girl and told [you] her date of birth was 6/11/97[1] so without any evidence contradicting that the State has proven to you beyond a reasonable doubt the first element of the charge.
*645 The second element is that Gary Bell intentionally touched in a lewd or lascivious manner the genitals, genital area or clothing covering the genitals or clothing covering the genital area of [the victim]. Now the evidence we have presented to prove that is of course the testimony of [the victim].
In cases like this, it is always a one-person’s word against another. In these particular cases—
Bell’s counsel objected at this point, arguing that the prosecutor should be “talking about this case, not talking about all the cases.” The trial court sustained the objection, and the State continued:
In this particular case it is the word of [the victim] against the plea of not guilty that Gary Bell has entered. Let’s talk about [the victim]. When you are evaluating whether someone is telling the truth you take a step back from their words. You saw [the victim]. You heard what she said. You saw her demeanor. You saw how she communicated. You could tell a little bit about the emotion she was feeling. You could hear her voice. You saw the looks on her face. That’s some information....
What were the circumstances when [the victim] first told this information? Well the circumstances were she was living with her mom and her siblings and her new stepdad. That she felt safe. That it was a happy home environment and that she told her mom.
[[Image here]]
Take a step back from that. Why would she be saying this today? Is there any reason why she would be making it up? Does she have any motivation to want to get Gary Bell in trouble or to unjustly accuse him? What’s going on today, what was going on a year and 4 months ago? Whatever was going on had nothing to do with him. He was out of the picture. He wasn’t—had no part in her life. He wasn’t a player. There was nothing going on with her mom and him. She moved on, married another man, had another baby. They moved on with their life.
So if you are looking for a reason to not believe [the victim] there isn’t one. Because there is no evidence that she would have made this up at this particular time under these particular circumstances. And that’s the consideration you should make in deciding whether or not her testimony is credible.
The State concluded its argument by stating:
This is a very important day for the defendant no doubt.
This is also a very important day for [the victim], her family and the people of the State of Florida who I represent. And we are asking you if you feel the evidence has proved the charges beyond and to exclusion of a reasonable doubt that you follow the law and you hold the defendant responsible for the crimes he committed and you reflect so in your verdict of guilty as charged.
After the State’s initial closing argument, Bell moved for a mistrial, arguing that comments 3 and 4 were an attempt to lessen the State’s burden of proof and improperly referred to Bell’s right to remain silent. Bell argued that the appropriate standard is “whether or not [the victim’s] testimony is believable beyond a reasonable doubt. It’s not which one do you believe.” The trial court denied Bell’s motion, and the defense presented its closing argument.
Regarding the failure to appear charge, in the closing argument the defense contended that Bell had unintentionally missed his August 27, 2007, court date and that Bell thereafter fled town “out of fear *646 upon realizing that he had missed court.” The defense claimed that Bell had therefore not left town based on his “consciousness of guilt” — as argued by the State— but rather had fled “because he was scared to death” after missing his August 27 court date.
The State presented rebuttal closing argument. On appeal, Bell challenged the following portions thereof and again emphasized the underlined comments.
Now, remember, we are in a court of law. We make decisions and findings of fact based on evidence. What the attorneys say standing up before you is not evidence. It may be argument of what the evidence showed. It may be trying to point out things that were important. It may be discussing credibility of a witness. We are not allowed [to] testify.
For example, I can’t stand up here and say the reason that Gary Bell wasn’t in court is because he knowingly and intentionally didn’t want to be here, he was scared and he ran off. I can’t say that because I am not a witness and that’s not evidence. Well, by the same token the defense attorney can’t stand up here and tell you the reason Gary Bell wasn’t in court is because he was scared and he took off after he missed court because he was scared because he missed court. Really? Well, did you hear any testimony, any evidence that supports that statement? Because if you didn’t, that’s not evidence and it should not be considered by you. Because that’s why we are here for you to evaluate evidence.
The prosecutor then stated:
Unlike television this wasn’t very glamorous and it didn’t take that long, but it is exceedingly important because this is our community and you are sitting as a jury of the defendant’s peers. And not only is the defendant depending on you but so are the people of the State of Florida. I know you have been very patient in listening to the evidence today and I know that you have been very attentive in listening to me now and I have every confidence that you will listen to the Court and will follow the law.
Bell’s counsel objected, arguing that “[the prosecutor’s] confidence is not appropriate. I object. She is not testifying.” The trial court sustained Bell’s objection and the prosecutor concluded her closing argument.
On appeal to the First District, in addition to arguing that the trial court erred in failing to grant a mistrial based on the prosecutor’s impermissible comments during closing argument, Bell argued that the trial court abused its discretion in failing to grant a new jury panel based on the prosecutor’s comments during voir dire and erred in failing to sever the failure to appear charge. The First District rejected without discussion Bell’s voir dire argument and held that the trial court did not err in denying Bell’s motion to sever the charges. Bell, 33 So.3d at 725-26.
Regarding the closing argument comments, Bell contended that comments 1 through 7 were not only fairly susceptible of being interpreted as comments on Bell’s right to remain silent but also impermissi-bly shifted the State’s burden of proof to Bell. The First District specifically addressed Bell’s challenge to only two of the comments — comments 1 and 3. The First District determined that because both comments concerned issues that witnesses other than Bell were capable of refuting, neither comment could be construed as a comment on Bell’s right to remain silent. Id. at 726-27. Without discussing the additional closing argument comments or Bell’s alternative burden-shifting argu *647 ment, the First District affirmed Bell’s convictions and sentences.
In the analysis that follows, we resolve the conflict between Bell and Shelton by concluding that the First District did not err in holding that because comment 1 concerned an issue that the witnesses other than Bell could have refuted, comment 1 was not susceptible of being construed as a comment on Bell’s right to remain silent. We then explain why the First District erred in holding that comment B was likewise not improper. We further explain why comments 2 and 4 — not expressly discussed by the First District in its opinion — were improper under the alternative burden-shifting argument raised by Bell. We conclude, however, that no objections to the improper comments were properly preserved and that the improper comments did not result in fundamental error. Finally, we address and reject Bell’s voir dire challenge.,
II. ANALYSIS
A. Closing Argument Comments
A defendant has the constitutional right to decline to testify against himself in a criminal proceeding. See U.S. Const, amend. V; art. I, § 9, Fla. Const. In furtherance of this right, we have consistently held that “any comment on, or which is fairly susceptible of being interpreted as referring to, a defendant’s failure to testify is error and is strongly discouraged.” Rodriguez v. State, 753 So.2d 29, 37 (Fla.2000) (quoting State v. Marshall, 476 So.2d 150, 153 (Fla.1985)); see also Fla. R.Crim. P. 3.250 (prohibiting prosecuting attorneys from commenting before the jury or court on defendant’s failure to testify on his or her own behalf). “[Wjhere the evidence is uncontradieted on a point that only the defendant can contradict, a comment on the failure to contradict the evidence becomes an impermissible comment on the failure of the defendant to testify.” Rodriguez, 753 So.2d at 38.
Similarly, “the State may not comment on a defendant’s failure to mount a defense because doing so could lead the jury to erroneously conclude that the defendant has the burden of doing so.” Id. (citing Jackson v. State, 575 So.2d 181, 188 (Fla.1991)). Such comments run afoul of due process, which “requires the state to prove every element of a crime beyond a reasonable doubt” and establishes “that a defendant has no obligation to present witnesses.” Jackson, 575 So.2d at 188.
In this case, the First District expressly considered two comments challenged by Bell and determined that neither comment was fairly susceptible to being interpreted as a comment on Bell’s right to remain silent. The first of the comments — comment 1 — concerned the general lack of evidence presented by the defense regarding the victim’s age, an element of the molestation charge. The prosecutor argued that “without any evidence contradicting [the State’s evidence,] the State has proven to you beyond a reasonable doubt the first element of the charge.” Bell, 33 So.3d at 726 (emphasis omitted). The First District held that because the victim’s age “was not an issue which only [Bell] was capable of refuting, this comment could not be construed as a comment on [Bell’s] right to remain silent.” Id. at 727. We agree.
Bell’s testimony was not the exclusive means by which the defense could have challenged the State’s evidence regarding the victim’s age. Because the prosecutor’s comment highlighted the lack of contradictory evidence regarding an element of one of the charges, as opposed to the absence of Bell’s individual testimony specifically, we conclude that the comment was not fairly susceptible of being inter *648 preted as a comment on Bell’s right to remain silent. See Rodriguez, 753 So.2d at 38. We, accordingly, disapprove Shelton to the extent that it conflicts with our holding. Where the evidence is uncontra-dicted on a point that witnesses other than the defendant can contradict, a comment on the failure to contradict the evidence is not an impermissible comment on the failure of the defendant to testify.
Nor does comment 1 constitute improper burden shifting. The prosecutor specifically stated that the State carried the burden of proving the victim’s age beyond a reasonable doubt. “[A] prosecuting attorney may comment on the jury’s duty to analyze and evaluate the evidence and state his or her contention relative to what conclusions may be drawn from the evidence.” Evans v. State, 838 So.2d 1090, 1094 (Fla.2002). When considered in context, the prosecutor’s comment is properly understood as a statement on the jury’s duty to analyze the evidence presented at trial followed by the prosecutor’s argument regarding what conclusion the jury should reach from the evidence. We therefore conclude that comment 1 was not improper.
The First District also expressly addressed comment 3, that “[i]n this particular case it is the word of [the victim] against the plea of not guilty that [Bell] entered.” Bell, 33 So.3d at 726 (emphasis omitted). The First District determined that when considered in context, the challenged comment was part of an argument “that no evidence had been offered to suggest the victim had a motive to lie.” Id. at 727. The First District held that because “[witnesses other than [Bell] could have been called to testify regarding the victim’s alleged motive to he, ... the prosecutor’s comment is not fairly susceptible to being interpreted as an erroneous comment on [Bell’s] right to remain silent.” Id. We disagree.
By asserting that Bell’s not guilty plea constituted the sum of the evidence in support of his innocence, the prosecutor impermissibly highlighted the fact that Bell did not testify on his own behalf. See Smith v. State, 358 So.2d 1137, 1137-38 (Fla. 3d DCA 1978) (holding that prosecutor’s comment stating that the “basic issue” in the case was whether the jury believed the State’s witness or the defendant constituted improper comment on the defendant’s failure to testify in his own behalf). The prosecutor’s comment was fairly susceptible of being interpreted as a comment on Bell’s right to remain silent and was therefore error. See id.; see also Rodriguez, 753 So.2d at 37.
Comment 2—that “[i]n cases like this, it is always a one-person’s word against another”—was also improper. As in comment 3, comment 2 highlights the fact that while the victim testified, Bell did not. We therefore determine that comment 2 was fairly susceptible of being interpreted as a comment on Bell’s right to remain silent. See Smith, 358 So.2d at 1137-38; see also Rodriguez, 753 So.2d at 37.
We also find error in comment 4 that “if you are looking for a reason to not believe [the victim] there isn’t one. Because there is no evidence that she would have made this up at this particular time under these particular circumstances.” Although this comment does not directly implicate Bell’s failure to testify, it is nonetheless improper. By stating that “there is no evidence” to contradict the victim’s testimony, the prosecutor highlighted Bell’s failure to present any evidence impeaching the State’s witness. The prosecutor’s comment thereby implied that Bell had a burden of proof regarding the witness’s credibility, and unlike in comment 1, *649 the prosecutor did not correct any false impression by reminding the jury that the State at all times retains the burden of proof. Because comment 4 could have led the jury to erroneously believe that Bell had the burden of presenting such evidence, it was improper. See Rodriguez, 753 So.2d at 38; see also Jackson, 575 So.2d at 188.
We determine that none of the remaining comments during closing argument were improper. In comment 5, the prosecutor exhorted the jury: “[I]f you feel the evidence has proved the charges beyond and to exclusion of a reasonable doubt[, then] follow the law and ... hold the defendant responsible for the crimes he committed and ... reflect so in your verdict of guilty as charged.” A prosecutor’s comment “is not erroneous because the prosecutor was simply advising the jury to follow the law.” Rodriguez v. State, 919 So.2d 1252, 1283 (Fla.2005). For the same reason, comment 7 — in which the prosecutor told the jury, “I know you have been very attentive in listening to me now and I have every confidence that you will listen to the Court and will follow the law” — was not improper. See id.
Additionally, although comment 6 — relating to Bell’s absconding — specifically implicates Bell’s failure to produce certain evidence at trial, it was not improper. Our case law recognizes an exception to the “fairly susceptible” test for comments that constitute an “invited response” to a theory argued by the defense. Rodriguez, 753 So.2d at 39. We have held, for example, that
the prosecutor’s statement to the jury that “[y]ou haven’t ... heard any evidence that [the defendant] had any legal papers in the cell with him” was a proper rebuttal to the defense attorney’s statement in closing that an adverse witness could have had access to and based his testimony on the defendant’s “legal papers.”
Id. (alterations in original) (quoting Dufour v. State, 495 So.2d 154, 160 (Fla.1986)); see also Poole v. State, 997 So.2d 382, 390 (Fla.2008) (holding that a prosecutor’s statement “that there was no evidence ... that someone else inflicted the injuries on the victims” was invited response to defense counsel’s argument that the defendant “acknowledged that he committed the crimes of sexual battery, robbery, and burglary but denied that he was the person who inflicted the injuries on” the victims).
Here, defense counsel argued during closing argument that Bell did not have the requisite intent to support a conviction for failure to appear at the August 27 hearing. The defense claimed that Bell had unintentionally missed the August 27 hearing and had thereafter left town “out of fear upon realizing that he had missed court.” During rebuttal closing argument, the prosecutor responded that
the defense attorney can’t stand up here and tell you the reason Gary Bell wasn’t in court is because he was scared and he took off after he missed court because he was scared because he missed court. Really? Well, did you hear any testimony, any evidence that supports that statement? Because if you didn’t, that’s not evidence and it should not be considered by you.
Because the prosecutor’s comment was a direct rebuttal to the defense attorney’s argument, it falls within the “invited response” exception to the fairly susceptible test and was therefore not improper.
Having considered the totality of the prosecutor’s closing argument, we now examine whether the improper comments — comments 2, 3, and 4 — require reversal. Because Bell failed to preserve *650 an objection to any of the comments and the comments do not cumulatively constitute fundamental error, Bell is not entitled to relief.
Bell’s contemporaneous objection to comment 2 was presented on a legal basis other than that which he now argues on appeal. His objection therefore failed to preserve the issue for appeal. See Aills v. Boemi, 29 So.3d 1105, 1108 (Fla.2010) (“In order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection ... below.”) (quoting Harrell v. State, 894 So.2d 935, 940 (Fla.2005)). Moreover, although Bell moved for a mistrial on the basis of comments 3 and 4, Bell failed to raise a contemporaneous objection to either comment [2] and thus failed to preserve a challenge to either comment for appeal. Scott v. State, 66 So.3d 923, 929 (Fla.2011) (holding that a motion for mistrial raised after the prosecutor’s closing argument is insufficient to preserve the issue of improper prosecutorial argument for appeal where the defendant did not also contemporaneously object to the alleged error). Accordingly, we review the challenged comments for fundamental error. See id.; see also Aills, 29 So.3d at 1109.
Fundamental error is that which “reaches down into the validity of the trial such that a guilty verdict ... could not have been obtained without the assistance of the alleged error.” Wade v. State, 41 So.3d 857, 868 (Fla.2010). We determine that the cumulative effect of the improper closing argument comments did not deprive Bell of a fair trial. See Card v. State, 803 So.2d 613, 622 (Fla.2001) (“[T]he Court examines the totality of the errors in the closing argument and determines whether the cumulative effect of the numerous improprieties deprived the defendant of a fair [trial].”). The victim’s testimony at trial was corroborated in detail by the victim’s mother, who testified regarding what the victim had told her nearly two years before. The victim’s testimony was further corroborated by the videotaped interview taken of the victim by an independent child abuse case worker shortly after the victim first revealed the molestation. Moreover, both the trial court and the prosecutor properly told the jury that the attorney’s arguments at closing were not to be considered as evidence, and the jury was properly instructed regarding the legal standard that the State must meet to achieve a conviction. Based on the record, we determine that the prosecutor’s improper comments did not affect Bell’s trial such that a guilty verdict could not have been obtained in their absence. See Wade, 41 So.3d at 868.
B. Voir Dire Comments
Bell also argues that the First District erred in rejecting his argument that the prosecutor’s questions during voir dire were used to “pre-condition” the jury to return a guilty verdict and impermissibly referred to his right to remain silent. Specifically, Bell challenges the prosecutor’s line of questioning asking: “[W]ould anyone just right off the bat tell me that if all I have is a [sic] word of a child to evaluate as the evidence, that that’s not enough; I would need more?”; “Without hearing any other thing about the case, could you tell me right now that the testimony of a child alone would be insufficient for you?”; and “[I]f you heard the testimo *651 ny of a child telling what happened and there were no other eyewitnesses, would that not be enough for you under any circumstances?”
Bell’s challenge to the prosecutor’s voir dire was not preserved for appeal. Although Bell objected to the prosecutor’s voir dire, he failed to renew his objection prior to the jury being sworn. See Joiner v. State, 618 So.2d 174, 176 (Fla.1993) (holding that to preserve a contemporaneous objection to voir dire, a defendant must renew the objection prior to the jury being sworn or accept the jury subject to the specific prior objection in order to “apprise[] the trial judge that [the defendant] still believed reversible error had occurred”); Barnette v. State, 768 So.2d 1246, 1247 (Fla. 5th DCA 2000) (“[T]he appellant did not properly preserve this issue for appellate review because he failed to renew his objection and motion for mistrial before the jury was sworn.”). We therefore review the challenged questions for fundamental error. Mendoza v. State, 964 So.2d 121, 131 (Fla.2007) (unpre-served challenge to voir dire comments is reviewed for fundamental error). We conclude that the voir dire questions do not constitute error, much less fundamental error.
To the extent Bell argues that the prosecutor’s questions impermissibly referred to his right to remain silent, we reject Bell’s claim. We have previously concluded that a prosecutor’s voir dire questions exploring prospective jurors’ predisposition against a certain kind of witness did not constitute an impermissible comment on the defendant’s right to testify. See Pope v. State, 679 So.2d 710 (Fla.1996). In Pope, the prosecutor asked the jury panel:
[Assuming someone takes the stand and they’re testifying and they admit to using alcohol and maybe using a lot of alcohol, or there’s testimony about someone having used alcohol, would you just sort of automatically become prejudiced towards that person to the point that you would form an opinion about their truthfulness or their guilt or anything of that nature?
Id. at 715. We concluded that “the state’s comment was not susceptible to being construed as a comment on Pope’s right to testify” because the question did “not focus on this defendant,” but instead “related to any witness who might take the stand and admit to the consumption of alcohol and whether the juror would find that witness believable.” Id. Similarly, a prosecutor’s voir dire inquiry into whether any prospective juror “couldn’t find the defendant guilty ... unless there was an eyewitness, other than the victim” is not an impermissible comment on the defendant’s right to remain silent. Barnette, 768 So.2d at 1246-47.
The voir dire comments at issue here are similar to those upheld in Pope and Barnette. The prosecutor’s comments were designed to ascertain whether any potential juror might be inclined to discount the testimony of a witness simply because the witness was a child. Because the panel had previously been informed of the charges against Bell, the State’s comments were most reasonably understood as referring to the victim’s testimony. The prosecutor neither implicitly nor explicitly referred to any potential evidence to be presented by the defense. Given this context, the prosecutor’s comments were not fairly susceptible of being interpreted as referring to Bell’s failure to testify. See Pope, 679 So.2d at 715; Barnette, 768 So.2d at 1246-47.
Additionally, to the extent Bell argues that the prosecutor’s voir dire comments preconditioned the jurors to convict *652 Bell, we reject his argument. Although a prosecutor may not interrogate a prospective juror “as to his attitude toward a particular witness who is expected to testify in the case, ... especially when [the juror] knows in advance that the prosecution has only the one primary witness to prove its case,” this prohibition extends only to “question[s of] prospective jurors as to the kind of verdict they would render under any given state of facts or circumstances.” Smith v. State, 253 So.2d 465, 470-71 (Fla. 1st DCA 1971) (holding that a prosecutor’s voir dire question asking whether jurors “[w]ould convict on the testimony of a person who has been granted immunity if the State [p]roves this case beyond a reasonable doubt” was improper) (emphasis omitted); see also Dicks v. State, 83 Fla. 717, 93 So. 137, 138 (1922) (holding that the trial court properly sustained an objection to hypothetical voir dire questions “containing what purported] to be the testimony subsequently to be introduced and eliciting ... a reply as to whether [a juror] would acquit or convict on such testimony”); Renney v. State, 543 So.2d 420, 421 (Fla. 5th DCA 1989) (holding that prosecutor’s request that jury commit to finding of guilt “if we prove every element of the crime, but don’t prove one particular fact” was improper).
Here, the prosecutor did not ask prospective jurors to commit to a specific vote. Instead, the prosecutor asked whether any juror would be unable to evaluate the testimony of a child witness without bias or prejudice based on the witness’s age. Rather than seeking to discover how potential jurors would vote based on specific testimony, the prosecutor sought to ascertain whether any prospective juror carried an underlying distrust of child witnesses. The prosecutor’s questions were therefore within the State’s right “to ascertain latent or concealed prejudgments by prospective jurors.” Stano v. State, 473 So.2d 1282, 1285 (Fla.1985) (“The test for determining a juror’s competency is whether that juror can lay aside any prejudice or bias and decide the case solely on the evidence presented and the instructions given.”). Accordingly, we reject Bell’s challenge to the prosecutor’s voir dire questions.
III. CONCLUSION
Bell failed to properly preserve an objection to any of the challenged comments made by the prosecutor. And the improper comments made by the prosecutor during closing argument did not constitute fundamental error. Accordingly, we approve the First District’s affirmance of Bell’s convictions and sentences.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. The prosecutor’s summary of the evidence on this fact is incorrect. Both the victim and her mother testified that the victim was born on June 20, 1997.

. The First District’s declaration that comment 3 was "objected to contemporaneously, and thus, the issue was properly preserved,” Bell, 33 So.3d at 726, is not supported by the record.