# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-30 & 3D15-46
Lower Tribunal No. 11-19067
_____

**The State of Florida,**
Appellant/Cross-Appellee,

vs.

**Francique Revenel,**
Appellee/Cross-Appellant.


Appeals from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellant/cross-appellee.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellee/cross-appellant.


Before FERNANDEZ, LOGUE and SCALES, JJ.

SCALES, J.

The State of Florida (the "State") appeals the trial court's sentencing of Francique Revenel ("Revenel") to a term of forty years, while Revenel appeals his underlying criminal conviction. This Court consolidated the two appeals on July 27, 2015. We affirm Revenel's conviction, but reverse the trial court's sentencing order and remand for a new hearing to be conducted in accordance with the sentencing guidelines set forth in section 812.13(2)(a) of the Florida Statutes.

## I. Facts

The State charged Revenel by information with armed robbery and armed burglary. The theory of defense at trial was that Revenel had been misidentified as the culprit. After the presentation of the State's initial case, Revenel decided not to present any witnesses and exercised his right not to testify. The trial court instructed the jury that Revenel had exercised his constitutional right to remain silent and that the jury could not construe this decision as an admission of guilt. During closing arguments and without objection from Revenel, the State mentioned several times that nothing contradicted the testimony or credibility of the State's witnesses. Ultimately, Revenel was found guilty on both counts. In his appeal, Revenel argues that the State committed fundamental error during its closing argument.

At the sentencing hearing, the parties stipulated to the entry of Revenel's prior convictions so the trial court could consider whether Revenel should be classified as a "three-time violent felony offender." Section 775.084 of the Florida Statutes provides, inter alia, for the enhancement of the penalties set forth in the robbery statute (section 812.13) if a defendant is adjudicated a three-time violent offender. The trial court found that the State met its burden of proving by a preponderance of the evidence that Revenel was a three-time violent felony offender, but nevertheless, stated that, given the language of section 812.13, the trial court had the discretion to sentence Revenel either to the minimum mandatory term of thirty years (as provided in section 812.13) or the minimum mandatory term of life (as provided in section 775.084 (4)(c)). The trial court sentenced Revenel to a term of forty years. In its appeal, the State argues that pursuant to section 775.084 of the Florida Statutes, the trial court was required to sentence Revenel to a term of life.

**II. Standard of Review**

In reviewing the unpreserved issue of improper comments during closing argument, we review the challenged comments for fundamental error. <u>Bell v. State</u>, 108 So. 3d 639, 650 (Fla. 2013). Whether the trial court, in determining Revenel's

sentence, correctly applied a sentencing statute is reviewed de novo. Kephart v. Hadi, 932 So. 2d 1086, 1089 (Fla. 2006).

### III. Analysis

*A. Alleged Improper Remarks*

The State notes, and Revenel admits, that the State's alleged improper remarks during closing argument were not objected to contemporaneously and were not properly preserved for appeal. "In order to preserve an allegedly improper prosecutorial comment for review, a defendant must object to the comment and move for a mistrial." Gutierrez v. State, 731 So. 2d 94, 95 (Fla. 4th DCA 1999). See also Allen v. State, 662 So. 2d 323, 328 (Fla. 1995). Without such contemporaneous objection, relief may be granted only on a finding of fundamental error; that is, a guilty verdict could not have been obtained but for the influence of the alleged error. Wade v. State, 41 So. 3d 857, 868 (Fla. 2010).

During the State's closing argument, the State argued several times that the testimony of its witnesses went uncontradicted. Revenel alleges that because Revenel was the only person who could have contradicted the witnesses' testimony, the State's remarks constituted a de facto violation of Revenel's right to remain silent and improperly shifted the burden of proof to Revenel. We disagree.

4

As the Florida Supreme Court has noted, "[w]here the evidence is uncontradicted on a point that witnesses other than the defendant can contradict, a comment on the failure to contradict the evidence is not an impermissible comment on the failure of the defendant to testify." Bell v. State, 108 So. 3d 639, 648 (Fla. 2013). In the instant case, Revenel was not the only person who could have contradicted the witness testimony adduced by the State. For example, Revenel could have (i) called a witness to examine further any inculpating security camera footage, (ii) examined other witnesses, or (iii) impeached the credibility of the State's witnesses and evidence through cross-examination.

Plainly, testimony by Revenel was not the only means to contradict the State's evidence. Thus, the State's remarks during closing argument did not create the implication that Revenel was guilty because he chose not to take the stand or present his own evidence. Furthermore, even assuming that the remarks were improper, the remarks certainly did not rise to the level of fundamental error such that a guilty verdict could not have been found without them. See Wade, 41 So. 3d at 868.

The State's remarks during closing argument did not have the effect of shifting the burden of proof to Revenel. The State specifically mentioned in closing argument that the State had "the burden of proving every element of every crime to you, beyond and to the exclusion of every reasonable doubt." Rather than

5

shifting the burden, the State invited the jury to consider the strength of the evidence. See Evans v. State, 838 So.2d 1090, 1094 (Fla. 2002); Bell, 108 So. 3d at 648.

### B. Sentencing

Revenel was convicted of armed robbery with a deadly weapon or firearm, a first-degree felony pursuant to section 812.13(2)(a). This section provides for "imprisonment for a term of years not exceeding life imprisonment or as provided in . . . s.775.084." § 812.13(2)(a), Fla. Stat. (2014).

Once the trial court determines that a defendant is a three-time violent felony offender, as defined by section 775.084(1)(c), "[t]he court, in conformity with the procedure established in paragraph (3)(b), must sentence the three-time violent felony offender to a mandatory minimum term of imprisonment, as follows: . . . In the case of a felony punishable by life, to a term of imprisonment for life . . ." § 775.084 (4)(c)1., Fla. Stat. (2014) (emphasis supplied).

In other words, once the trial court determined that Revenel met the requirements of three-time violent felony offender status, the trial court had no choice but to impose a sentence at or above the enhanced mandatory minimum provided in section 775.084(4)(c). For a three-time violent felony offender like Revenel, convicted of a felony punishable by life (such as armed robbery with a deadly weapon or firearm), the mandatory minimum sentence is a term of life.

Hence, the trial court reversibly erred by sentencing Revenel to a forty-year prison term.

**IV. Conclusion**

We affirm Revenel's conviction, but vacate the trial court's sentencing order and remand the case for a new sentencing hearing. We decline the State's invitation to direct the trial court on how to conduct the new sentencing hearing, other than to say that the hearing must be consistent with the requirements set forth in section 812.13(2)(a) and, if applicable, chapter 775 of the Florida Statutes.

Affirmed in part, reversed and remanded in part.