# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-4655
_____

MARKQUISE DESHAWN WALLACE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Lacey Powell Clark, Judge.

September 2, 2021

M.K. THOMAS, J.

Appellant, Markquise Deshawn Wallace, appeals his judgment and sentence for two counts of vehicular homicide and leaving the scene of the accident, two counts of leaving the scene of the crash involving death, and one count of tampering with electronic monitoring. Appellant raises the following issues on appeal: (1) whether the trial court erred in denying Appellant's motion for mistrial after the prosecutor made allegedly improper statements during opening argument; (2) whether the trial court erred in failing to hold a *Richardson*[1] hearing; (3) whether the trial court erred in denying Appellant's motion for judgment of

_____

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

acquittal; (4) whether the trial court erred in denying Appellant's motion for mistrial after the prosecutor made allegedly improper statements during a bench conference; (5) whether the trial court erred in denying Appellant's motion for mistrial after the prosecutor made allegedly improper comments during closing argument; and (6) whether Appellant's convictions violate double jeopardy. Finding merit in only one of Appellant's arguments, that his convictions violate double jeopardy, we reverse, in part, but affirm the remainder of the judgment and sentence.

According to evidence presented by the State during Appellant's trial, Appellant rented a white Dodge Challenger and was the only authorized driver listed on the rental agreement. Prior to the accident, Appellant had the windows on the vehicle tinted and was seen driving the vehicle. The Dodge Challenger hit two pedestrians, an adult female and an approximately seven-month-old child, causing their deaths. Appellant was wearing a court ordered GPS monitor at the time of the accident as a condition of bond in an unrelated case. Appellant's GPS monitor showed he was in the area of the accident at the time it occurred. After the accident, Appellant hid the vehicle. Once the vehicle was located by law enforcement, Appellant removed his GPS monitor and fled the area.

Appellant first argues statements made by the prosecutor during opening argument were improper and warranted a mistrial. During opening argument, the prosecutor stated, "Based on the quality of the evidence in this case, the options for the defense are severely limited. The defense may claim that, yes, although [Appellant] did all those things, there isn't a witness to testify that he got out of the driver's seat after that crash."

Appellant claims on appeal that the statement denigrated his defense. However, this is not the specific argument that was presented to the trial court; thus, it is not preserved for appeal. *See Bell v. State*, 108 So. 3d 639, 650 (Fla. 2013) ("Bell's contemporaneous objection to comment 2 was presented on a legal basis other than that which he now argues on appeal. His objection therefore failed to preserve the issue for appeal."); *Braddy v. State*, 111 So. 3d 810, 836 (Fla. 2012) (holding that to preserve an issue

2

for appellate review, the specific legal argument must be presented to the trial court).

Yet, even if the issue was preserved, reversal is not warranted. As pointed out by Appellant, it is improper for the State to denigrate the theory of defense and stating that Appellant's options for defense were "severely limited" could be considered improper. *See Evans v. State*, 177 So. 3d 1219, 1237 (Fla. 2015); *Jackson v. State*, 147 So. 3d 469, 486 (Fla. 2014) (noting it was improper for a prosecutor to state that defense counsel was "doing all they can to throw whatever they can against the wall to see what sticks" and cautioning against the prosecution "making comments that ridicule a defendant for presenting a defense"). However, because the statement here was relatively minor and isolated, it does not require reversal. *See id.* at 486–87 (holding that given the how minor and brief the alleged improper statement was it did not affect the fairness and reliability of the proceeding so that confidence in the outcome was undermined).

Appellant next claims the trial court erred by not holding a *Richardson* hearing after it was disclosed at trial that one of the Appellant's witnesses may have provided an anonymous tip which identified Appellant as the suspect. At trial, Appellant argued that a *Brady*[2] violation occurred when the State attempted to use evidence of the anonymous tip at trial without first providing the tip to the defense.

Generally, evidence of anonymous tips is inadmissible as hearsay. *See Postell v. State*, 398 So. 2d 851, 854 (Fla. 3d DCA 1981). Here, based on the transcript of the trial and Appellant's brief, it is clear that Appellant had knowledge of the anonymous tip prior to trial, but simply claims he was not provided information tying the witness in question to the tip. However, at trial when the discovery issue arose, the State made clear that it had no specific knowledge that the witness was the tipster, explaining, "I know what that tip was, and that tip was that [Appellant] just had his windows tinting and he was the driver. That was the anonymous tip. The only person that knew that information is sitting in that chair." Thus, it does not appear the

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

3

State had the information Appellant claims was erroneously not provided to him. Because there was no discovery violation here, the trial court did not err in not holding a *Richardson* hearing.

Third, Appellant argues the trial court erred in denying his motion for judgment of acquittal because the case against him is wholly circumstantial, and the State did not refute his reasonable hypothesis of innocence. However, the Florida Supreme Court abandoned the special standard for circumstantial evidence in *Bush v. State*, 295 So. 3d 179, 199 (Fla. 2020). This Court has recognized this change in the law and applied the general standard for review of motions for judgment of acquittal to circumstantial cases. *See Hathaway v. State*, 309 So. 3d 723 (Fla. 1st DCA 2021).

Applying the general standard here, we find there is competent, substantial evidence to support the verdict; thus, the trial court did not err in denying the motion for judgment of acquittal. The evidence shows that Appellant rented the vehicle in question and was the only authorized driver of the vehicle. Appellant was seen getting out the driver's side of the vehicle on surveillance footage when he was buying window tint a short time before the accident. No one else was observed. After the accident, evidence shows Appellant attempted to hide the vehicle and fled the area after the vehicle was located.

Next, Appellant complains that during a bench conference, the prosecutor made improper statements, which warranted a mistrial. Appellant cites to no case law supporting his argument that statements made to the trial court, outside the presence of the jury, could warrant a mistrial, and we will not make that finding here. A judge is placed in a position in which he or she may hear inflammatory, proffered testimony or arguments that are not presented to the jury. In such situations, a judge is required to disregard items not in evidence. Here, the trial court assured Appellant that it was capable of not considering the prosecutor's arguments when sentencing Appellant. Therefore, the trial court did not err in denying Appellant's motion for mistrial.

In Appellant's fifth issue, he claims statements made by the prosecutor during closing argument suggested Appellant should have testified and were, thus, improper. The State began its rebuttal closing argument as follows: "Why? I was listening

throughout the entirety of [defense], an esteemed member of our local Bar, for an explanation of why, and I never heard one. That's because there is no explanation other than he did it. The Defense is choosing to ignore all of the defendant's actions." Appellant is correct that it is improper for a prosecutor to comment on a defendant not testifying. *See Bell v. State*, 108 So. 3d 639, 647 (Fla. 2013) (holding it is impermissible to comment on a defendant's failure to testify or mount a defense). However, when the statement here is read in context, it shows the prosecutor was not commenting on Appellant not testifying, but rather, the State was asking what the explanation would be for Appellant's actions if he were not driving the vehicle at the time of the accident. Such a comment is not improper; thus, we find the trial court did not err in denying Appellant's motion for mistrial.

Lastly, Appellant argues his two convictions for vehicular homicide and leaving the scene of the accident and two convictions for leaving the scene of the crash involving death violate double jeopardy. The State concedes error on this issue. Because the charges for vehicular homicide encompass the crime of leaving the scene of the crash involving death, Appellant's convictions for leaving the scene of the crash violate double jeopardy. *See Partch v. State*, 43 So. 3d 758, 760 (Fla. 1st DCA 2010) (holding that where the charges are not based on distinct acts, a court must determine whether the offenses satisfy the same elements test). It is not enough that Appellant was not sentenced for these counts. *See Wehan v. State*, 673 So. 2d 550, 553 ("The error is not rendered harmless simply because no sentence was imposed for the lesser included offenses and the lesser included offenses were not score on the guideline scoresheet."). Rather, the proper remedy is to vacate the verdict of guilt as to one of the offenses. *See Bolding v. State*, 28 So. 3d 956, 957 (Fla. 1st DCA 2010). Therefore, Appellant's convictions for two counts of leaving the scene of a crash involving death must be vacated.

Accordingly, the judgment and sentence are AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

B.L. THOMAS and OSTERHAUS, JJ., concur.

5

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jessica J. Yeary, Public Defender, Tallahassee; Luke Newman of Luke Newman, P.A., Tallahassee; and Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellant.

Ashley Moody, Attorney General, and Damaris E. Reynolds, Assistant Attorney General, Tallahassee, for Appellee.