# Third District Court of Appeal
## State of Florida

Opinion filed May 28, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1083
Lower Tribunal No. F17-21050
_____

**Joshua E. Burgos,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Baxter v. State, 318 So. 3d 601, 603 (Fla. 3d DCA 2021)

("Where 'a rational trier of fact could lawfully find that the evidence proved the existence of all the elements of the crime . . . beyond a reasonable doubt,' the appellate court should defer to the trial court's denial of a motion for judgment of acquittal." (quoting <u>Sandhaus v. State</u>, 200 So. 3d 112, 114 (Fla. 5th DCA 2016))); <u>Senser v. State</u>, 243 So. 3d 1003, 1010 (Fla. 4th DCA 2018) ("Trial judges have wide discretion in decisions regarding jury instructions, and the appellate courts will not reverse a decision regarding an instruction in the absence of a prejudicial error that would result in a miscarriage of justice." (quoting <u>Lewis v. State</u>, 693 So. 2d 1055, 1058 (Fla. 4th DCA 1997))); <u>Willoughby v. State</u>, 296 So. 3d 574, 578 (Fla. 5th DCA 2020) (finding trial court's erroneous inclusion of jury instruction on principals harmless because jury returned verdict including specific findings that defendant possessed and discharged firearm); <u>Talley v. State</u>, 260 So. 3d 562, 572 (Fla. 3d DCA 2019) ("In order to preserve an allegedly improper prosecutorial comment for review, a defendant must object to the comment and move for a mistrial." (quoting <u>State v. Revenel</u>, 184 So. 3d 629, 631 (Fla. 3d DCA 2016))).